## In re NEPPERHAN ST. IN CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. MUNICIPAL CORPORATION—CHANGE OF GRADE IN STREET COMMISSIONER'S REPORT—REFUSAL TO CONFIRM—RIGHT OF CITY TO APPEAL.

Laws 1895, c. 635 (Charter of City of Yonkers) § 21, provides that the common council may, on petition, alter the grade of any street. Title 7, § 10, provides that the notice of the report of commissioners, showing the amount of damages awarded each claimant and the amount assessed against each person in the assessment district, shall be sent to each owner of property assessed, and to whom an award of damages is made, and that any such person may appeal from such report. Section 11 provides that confirmation of the report can only be opposed by such an appeal, and that, in case the court refuse to confirm the report, it shall send it back for revision or correction. Held, that the city, as such, has no right to appeal from a judgment refusing to confirm the report on appeal therefrom.

2. SAME—"AGGRIEVED PARTY."

The city is not an "aggrieved party," within Code Civ. Proc. § 1294, giving any "aggrieved party" a right to appeal from any final judgment.

Appeal from special term, Westchester county.

Proceeding by the city of Yonkers to change the grade of Nepperhan street. From an order refusing to confirm the report of commissioners awarding damages, the city appeals. Dismissed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James M. Hunt, for appellant.
Ralph Earl Prime, Jr., for respondents.

HIRSCHBERG, J. The proceedings herein were instituted for a change of the grade of Nepperhan street, one of the public streets of the city of Yonkers, pursuant to the provisions of its charter (chapter 635, Laws 1895). The proceedings are regulated by title 7, entitled "Of Highways, Lamps, Walks and Streets—Improvements and Assessments." By section 21 of this title it is provided that the common council of the city, on certain recommendation or petition, may alter the grade of any street or highway. It appears that the common council did alter the grade of Nepperhan street in compliance with the authority so conferred, after having first published the notices, filed and deposited the profile of the change contemplated, and given notice to all persons interested, with an opportunity to offer objections,

as also required by the charter. Certain persons owning buildings on the line of the street having filed claims for damages, the common council thereupon, as required by section 21, supra, fixed an assessment district for the assessment of the damages which might be found due to said claimants, and obtained from the supreme court an order appointing commissioners to estimate and assess such damages, the section cited providing that "like proceedings shall thereupon and thereafter be had in respect to such claim as in this title is provided for estimating and assessing the expense for the opening and widening of streets." The provisions of the title in question in relation to the opening and widening of streets comprise the usual regulations for proceedings of this character, including notice to every one interested, with an opportunity to be heard, and the final making, correcting, and filing of a report of the commissioners, showing, among other things, the amount awarded to each claimant for damages and the amount assessed upon each person in the district of assessment. It is then made the duty of the common council to publish notice that the report has been completed and filed, and that application to have the report confirmed would be made to the county court of the county of Westchester or to the supreme court at special term. A copy of this notice, postpaid, must be mailed by the city clerk to "each person named in such report as the owner of property assessed for benefit, or to whom an award is made for damages. Any such person may appeal from said report by notice in writing," etc. Section 10, tit. 7, supra. By section 11 it is provided that:

"Such appeal shall be heard by the court at the time application is made to have the report confirmed. * * * Such confirmation can be opposed only by such appeal. * * * The court shall confirm or refuse to confirm the report. In case of refusal, it shall send it back for revision or correction to the same or to other commissioners, to be by it then appointed, who shall revise or correct the same, or make a new report, and thereupon the same proceeding shall be had as upon the first report, and as often as any such report shall be sent back, as aforesaid, like proceedings shall be had."

The commissioners appointed in the proceedings now under consideration having duly completed and filed their report, the common council moved for its confirmation at the special term of the supreme court in Westchester county, and the claimants, or some of them, having appealed, the appeals were thereupon heard, and resulted in an order of the court refusing to confirm the report, determining that the awards for damages were inadequate, and directing a rehearing and determination before new commissioners. None of the parties affected by the proposed assessments has appealed, but an appeal has been taken by and in the name of the city of Yonkers.

I do not see how the city of Yonkers, in its corporate capacity, can be deemed to have any standing in the case. It has no interest in the merits of the controversy, and is not a party to the proceeding. People v. Gilon, 76 Hun, 346, 27 N. Y. Supp. 704, affirmed on the opinion of the general term, 148 N. Y. 763, 43 N. E. 989. It is true that the common council, a legislative body composed of city officers, is compelled by law to make the formal application for the confirmation of the report; but the city, as such, is not connected in any way with the proceedings, and certainly cannot be considered to be a party ag-

grieved, within the meaning of section 1294 of the Code of Civil Procedure. The charter expressly limits the right of appeal from the report to the parties interested in the result, viz., to those to whom the awards are given and to those by whom the payments are to be made. Undoubtedly any of those persons might appeal from the order granted at the special term, but neither statute nor reason justifies the allowance of such an appeal in the name or at the instance of the city.

It follows that the appeal must be dismissed, with costs. All concur.