In the Matter of the Application of WILLA A. BROWNING and WILLIAM G. RABE, Petitioners, against WILLIS H. BRYANT and Others, Constituting the Board of Trustees of the Village of Great Neck, New York, Respondents.*

Supreme Court, Nassau County, February 2, 1942.

*Charles R. Weeks*, for the petitioners.

*Louis M. Wolf*, for the respondents.

STODDART, J. The petitioners, residents of the village of Kings Point, apply for an order under article 78 of the Civil Practice Act, to review a determination of the board of trustees of the village of Great Neck permitting the installation and erection of oil storage tanks on property adjacent to the petitioners but within the latter village.

The respondents, as provided by section 1293 of the Civil Practice Act, raise the objection that the petitioners, as a matter of law, have no right to the relief sought and apply for a dismissal of the petition. They urge that the petitioners as non-residents are not persons aggrieved by the determination of the village board.

With the contention of the respondents I agree. To review the action of a body or officer the action must be judicial or quasi-judicial in nature. (*People ex rel. Cayuga Indians* v. *Board of*

---

* Affd., 264 App. Div. 777.

*Comrs. of Land Office,* 99 N. Y. 648; *Matter of Nash* v. *Brooks,* 276 id. 75.) The jurisdiction of the board of trustees of any village is confined to property and persons within the territorial limits of the village. Wherever directed by the Village Law, notices of hearing are to be published in papers of " general circulation in such village." Here the petitioners were not entitled to a notice of hearing and no interest of theirs could be the subject of adjudication by the board. (*People ex rel. Steward* v. *Railroad Comrs.,* 160 N. Y. 202.)

It has been held that " the true test as to the right of review is, was the person seeking to review, a party in form or in substance to the proceeding sought to be reviewed so as to be concluded by the determination thereon " (*Starkweather* v. *Seeley,* 45 Barb. 164, 168), and again that one who has " no interest in the merits of the controversy and is not a party to the proceeding " (*Matter of Nepperhan Street,* 71 App. Div. 534, 536) has no standing in a case.

Accordingly, the petition is dismissed. No costs. Submit order on notice.