Frank A. G-ulotta, J.
These are two motions to dismiss an article 78 proceeding, one by the respondent Town Board of Oyster Bay and the other by respondents Fanjim Corporation and Kenper Corporation, the owners of the property affected. Both motions are based on an alleged lack of capacity on the part of the petitioner to maintain the proceeding.
*822 It is claimed that petitioner, which is itself a town adjoining respondent town on the east, is not an aggrieved party within the meaning of subdivision 7 of section 267 of the Town Law and that, furthermore, it is specifically prohibited from seeking a court review of the decision of the Oyster Bay Town Board by section 264.
The subject parcel is 62 acres situated wholly in the Town of Oyster Bay, although other lands to the east situated in the Town of Huntington are also owned by Fanjim Corporation. Between July, 1966 and January, 1967, the 62 acres were rezoned as an “ H ” Industrial District which permits light industry use. In addition, when permitted as a “ Special Exception ” by the Town Board, it may be used for a business district purpose. This includes “ shops and stores for conducting wholesale and retail businesses.”
On January 30, 1968, after public hearing such a “ Special Exception ” was granted to Fanjim Corporation for construction of a shopping center. The special exception permit granted here does not represent a change in zone,— that took place the year before. It was merely an administrative or quasi-judicial action of the type usually performed by a Board of Appeals, similar to a variance. The fact that the Town Board reserved to itself in its ordinance the responsibility to pass on such applications instead of delegating them to the Board of Appeals does not alter the nature of the act. It is subject to review under subdivision 7 of section 267 just as the Board of Appeals’ decision would be (Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728).
I do not think that section 264 has anything to do with this case, although both sides, each in a different way, seek to invoke it. The section says in part: ‘1 The town board shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed.” It further provides for notice to a town, village, etc., where the property being changed is within 500 feet of the boundaries of such town, village, etc.
Such town has the right to be heard at the public hearing, “ but shall not have the right of review by a court as hereinafter provided.” The second paragraph of the section clearly indicates that it deals with zoning ordinances and their amendments and not with individual applications under eodstmg ordinances such as we are dealing with here.
Petitioner claims it was entitled to notice under section 264 and the right to be heard, but is not bound by the strictures of the *823 section because this was not a change of zone» Respondents take the notice requirement for granted in order to invoke -the strictures.
For the reasons indicated, I do not agree with either of these positions. However, I think petitioner must sustain its position by showing it has the standing of an aggrieved party under subdivision 7 of section 267, and this is where it founders. Concededly, it owns no property in the Town of Oyster Bay. This was held to be a bar in the Matter of Village of Russell Gardens v. Board of Zoning Appeals (219 N. Y. S. 2d 501), a variance case involving an Appeals Board and in Matter of Browning v. Bryant (178 Misc. 576, affd. 264 App. Div. 777), ostensibly also a variance but involving a determination by the Board of Trustees and thus very similar to our present case.
Petitioner attempts to overcome this difficulty by claiming it will become involved in spending vast sums of money to enlarge its roads to accommodate increased traffic from the shopping center, because of a covenant exacted from the developer by Oyster Bay to dedicate a roadway through its other property to Round Swamp Road in Huntington. However, in the same breath, it rejects the dedication, as it has the right to do, since Oyster Bay has no more right to control traffic in Huntington than Huntington has to dictate zoning in Oyster Bay, but by the same token it follows that the claim of prejudice must fall Accordingly, the motions are granted.