W. Vincent Grady, J.
This is a motion by defendants Green and Mari to dismiss the complaint in this action for a declaratory judgment pursuant to paragraph 7 of subdivision (a) of CPLB 3211. The Town of Chester joins in the motion to dismiss.
Plaintiffs Marion Hulse and Mary Testoriero indicate that they did not consent to be named as party plaintiffs in this action and the motion to dismiss is granted as to these plaintiffs.
Plaintiffs’ attorney concedes that plaintiffs, Braghirol and Lebofsky, are not necessary parties, but were simply named as interested citizens at their request. The motion to dismiss the complaint as to these plaintiffs is granted.
Plaintiff Cadwell Tyler, III, owns property adjoining the land which was rezoned and which is the subject of the action; however, he does not reside in the Town of Chester, but in the Town of Goshen.
In Matter of Town of Huntington v. Town Bd. of Town of Oyster Bay (57 Misc 2d 821), relied on by defendants, an adjoining town challenged the granting of a “ special exception ” by respondent Town Board for the construction of a shopping *813 center wherein the adjoining town claimed it was entitled to notice under section 264 of the Town Law. Mr. Justice Gulotta in his opinion in the above case cites Matter of Vill. of Russell Gardens v. Board of Zoning Appeals (30 Misc 2d 392), and Matter of Browning v. Bryant (178 Misc. 576, affd. 264 App. Div. 777), as authority for the rule that where a variance is involved, a party who owns no property in the town is not an aggrieved party under subdivision 7 of section 267 of the Town Law. However, these cases were article 78 proceedings dealing with variances and did not involve, as the instant action does, a claim that the rezoning of property is invalid, void and unconstitutional. An amendment to a zoning ordinance was attacked in Bohan v. Town of Southampton (227 N. Y. S. 2d 712) on the theory that the town failed to comply with the notice requirements of sections 264 and 265 of the Town Law. The court held in Bohan that the plaintiff had a property right which was directly and adversely affected by the amendment and had the right to maintain the action.
Section 264 of the Town Law provides in part as follows: “ The town board shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. However, no such regulation, restrictions or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least ten days’ notice of the time and place of such hearing shall be published in a paper of general circulation in such town and a written notice of any proposed change or amendment affecting property within the protectively zoned area * * # property within five hundred feet of the boundaries of any city, village, town, county, state park or parkways shall be given * * * in the case of a city, village or town to the clerk of such city, village or town, and * * * at least ten days prior to the date of such public hearing. Such city, village, town or county shall have the right to appear and to be heard at such public hearing with respect to any such proposed change or amendment, but shall not have the right of review by a court as hereinafter provided.” (emphasis added).
Plaintiff Tyler alleges that no notice of a proposed change was given to him as an adjoining landowner ten days prior to the town board meeting as required by sections 264, 265 of the Town Law. Plaintiff Tyler is a party in interest whose property allegedly is affected by the change in zoning, and to hold *814 that he would not be aggrieved by the zoning change because he resides in a different town, would leave him without recourse. Logic and reason dictate that an adjoining landowner, although he lives in a different town, is an aggrieved party where a zoning change is involved within the meaning of sections 264, 265 of the Town Law.
Plaintiff in a declaratory judgment action demonstrates a sufficient interest in the matter concerning which a judgment is sought if the value of plaintiff’s land is reduced or its marketability is destroyed by the ordinance in issue. A landowner may bring an action for a declaratory judgment to determine the validity of a zoning ordinance although his land is near or adjacent to rather than within the area reclassified by a zoning amendment (Anderson, Zoning Law and Practice in New York State, § 21.03, pp. 678-679; Scarsdale Supply Co. v. Village of Scarsdale, 8 N Y 2d 325; Buckley v. Fasbender, 281 App. Div. 985).
“ Generally, any person who can show that the existence or enforcement of a zoning restriction adversely affects, or will adversely affect, a property interest vested in him or that the grant of a permit to another or rezoning of another’s land will similarly affect him, has the requisite justiciable interest in the controversy, and is a proper party plaintiff.” (Rathkopf, The Law of Zoning and Planning, vol. 2, ch. 36, § 1, p. 36-1).
The complaint sufficiently alleges pecuniary loss so as to constitute plaintiffs Hartman, Jones, Straub and Tyler aggrieved parties to contest the validity of the zoning amendment (Marcus v. Village of Mamaroneck, 283 N. Y. 325; Marcus v. Incorporated Vil. of Spring Val., 24 A D 2d 1021).
Accordingly, the defendants’ motion is granted insofar as it seeks dismissal against the plaintiffs Braghirol, Lebofsky, Testo riero and Hulse and is denied as to the remaining plaintiffs.