Thomas P. Parley, J.
Application pursuant to article 78 of the Civil Practice Act for an order reviewing and annulling a determination of the respondent Board of Zoning and Appeals of the Town of North Hempstead wherein permission was granted to respondent Wensley Realty Corp. to erect an office building on premises with less parking space than required by the Zoning Ordinance.
The subject property is located on the north side of Northern Boulevard, 110 feet east of Wensley Drive in Great Neck. It is in the unincorporated area of the Town of North Hempstead.
The Town Law (§ 267, subd. 7) provides that any person “ aggrieved ” by a decision of a Board of Appeals may apply to the court for relief pursuant to article 78 of the Civil Practice Act. The petitioners contend that they are parties aggrieved. The petitioner Village of Russell Gardens and the petitioner University Gardens Property Owners Association, Inc., own narrow strips of land at the entrance to Wensley Drive on the north and south sides of Northern Boulevard, respectively. The property owned by Russell Gardens Association, Inc., is at 304 Melbourne Road, in the Incorporated Village of Russell Gardens.
The record does not reveal facts from which it may be held that the petitioners are parties “ aggrieved ”. The mere fact that property is owned by two of them within close proximity to the subject property does not make those petitioners aggrieved and, concededly, the property of Russell Gardens Association, Inc., is several thousand feet from the subject premises. There is no proof that the determination of the respondent board is likely to have a detrimental effect on the use or value of the petitioners’ property.
Moreover, as to the petitioners Village of Russell Gardens and Russell Gardens Association, Inc., whose property lies *394 within the territorial boundaries of the village, an additional reason exists for holding them not aggrieved. It has been held that a nonresident of a village is not an “ aggrieved” person when adjacent property within a village limits is permitted to be used for an objectionable use (Matter of Browning v. Bryant, 178 Misc. 576, affd. 264 App. Div. 777). Since Wensley Realty Corp. could not question the zoning determinations of either the Board of Trustees or Board of Zoning Appeals (if there be one) of the Village of Russell Gardens, it follows that the village and its residents have no status to question in an article 78 proceeding the determination of the Board of Zoning and Appeals of the Town of North Hempstead respecting the use of the Wensley Realty Corp. property.
The Town Law (§§ 261, 267) provides that the jurisdiction of the Town Board and of the Board of Appeals is confined to property outside the limits of any incorporated village or city. It permits a village to appear at a public hearing to protest changes in a Zoning Ordinance affecting property within 500 feet of the village but it expressly provides that a village ‘ ‘ shall not have the right of review by the court as hereinafter provided” (§ 264; italics supplied). The provision for review by the court in an article 78 proceeding is contained in subdivision 7 of section 267 of the Town Law. As legislative acts, unless of a quasi-judicial nature, may not be reviewed in an article 78 proceeding (Matter of Paliotto v. Cohalan, 6 A D 2d 886, affd. 8 N Y 2d 1065; Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728), it follows that when the Legislature denied the village the right to review as ‘ ‘ hereinafter provided ’ ’ it intended to deny a right to review a determination by a Board of Appeals such as involved herein or by any other board or officer which would be otherwise subject to review.
Accordingly, as the petitioners are not shown to be parties aggrieved, the petition is dismissed.