William J. Sullivan, J.
This is an article 78 proceeding to review, reverse and annul two decisions of the Board of Appeals of the Incorporated Village of North Hills made respectively on September 24,1962 and February 1, 1964. The 1962 decision granted to Roslyn Pines, Inc., a corporation owning property adjacent to the north and east boundry lines of the village, permission to construct and operate a nine-hole pitch and putt golf course as an increased use under an earlier variance; while the decision of February 1, 1964 denied an application by petitioners to revoke such use permit or to hold a rehearing thereon. The petitioners herein are homeowners residing on properties which are contiguous to the Roslyn Pines property; but the properties of the petitioners are located in the unincorporated area of the Town of North Hempstead and wholly outside the boundaries of the Incorporated Village of North Hills.
As to the decision made by the board on September 24, 1962, petitioners contend that it was illegal and constituted an unlawful taking of their property without due process of law because the board failed to give notice to the petitioners of the hearing which resulted in said decision. The petitioners assert that they were not aware of this decision until the Spring of 1963 when Roslyn Pines, Inc., began the construction of the golf course on its property. The decision of February 1, 1964 is attacked on the ground that the board erred in holding that it had no power either to revoke the increased use permit or to *618 reopen the hearing thereon. Upon the facts herein, this court is of the opinion that the petition must be dismissed in its entirety because the petitioners, not being residents or property owners in the Village of North Hills, are not “aggrieved” persons under section 179-b of the Village Law and therefore have no status to challenge the decisions of the Board of Appeals of the village (Matter of Browning v. Bryant, 178 Misc. 576, affd. 264 App. Div. 777; Matter of Village of Russell Gardens v. Board of Zoning & Appeals, 30 Misc 2d 392). Furthermore, even if petitioners did have proper status to institute this proceeding, they would be barred from doing so by CPLR 217 insofar as the 1962 decision is concerned. The dismissal of this petition is not to be construed as any indication that this court concurs with the decision made by the Board of Appeals on February 1, 1964.
In support of their position herein, the petitioners have urged that, regardless of the definition of “ aggrieved person ” under section 179-b of the Village Law as laid down by the courts, they have a right to maintain this proceeding and to attack the decisions of the Board of Appeals on the ground that section 179-b of the Village Law is unconstitutional. They contend that it has deprived the petitioners of their property without due process of law because it did not provide that the petitioners be given notice of the hearings which resulted in the 1962 decision complained of. It is abundantly clear on the facts herein that the mere failure of petitioners to receive a notice of hearing did not deprive them of the enjoyment of their property; nor did the decision of the Board of Appeals granting permission to Roslyn Pines, Inc., to use its property as a pitch and putt golf course constitute a taking of petitioners’ property, nor deprive them of its use and enjoyment. The essence of petitioners’ argument on this point of constitutionality is set forth in their counsel’s memorandum of law as follows: “The construc-
tion of this so-called ‘ pitch and putt ’ course will deprive petitioners of the enjoyment of their property”. On their own papers, petitioners acknowledge that they were not aware of any interference with the enjoyment and use of their property until actual construction of the golf course was begun by Roslyn Pines, Inc., in the Spring of 1963. Any claim, therefore, that the construction and operation of the golf course interferes with the use and enjoyment of petitioners’ property should be asserted, not against the Board of Appeals of the village, but against those whose acts in constructing the golf course motivated such claim. The petitioners, of course, have an appropriate remedy against Roslyn Pines, Inc., for any claims which *619 they feel they may have arising out of the alleged interference with the enjoyment and use of their respective properties. It is well settled that the power of a court to declare a statute unconstitutional should be exercised cautiously and that courts of original jurisdiction should not declare statutes unconstitutional unless the violation is patent; and the fact that the constitutionality of a statute has been long acquiesced in and the statute treated as valid, or that great injury would result from invalidating it, strengthens the usual presumption of constitutionality (16 C. J. S., Constitutional Law, §§ 98, 99). Since it is the general rule that a statute is not to be overthrown by anything short of a positive conviction of illegality nor held unconstitutional in the absence of cogent, clear and compelling reasons, petitioners ’ application for such relief is denied herein, as they have failed to show that they have been deprived of property without due process of law because of lack of provision in section 179-b that notice of hearing be given to them by the Board of Appeals.