■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD DONALDSON HULSE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, entered October 22, 1963 after a jury trial, convicting him of burglary in the third degree and of petit larceny, and imposing sentence. Judgment reversed on the law and the facts, and new trial granted. In view of the closeness of the question of defendant's guilt, we cannot say that the portion of the court's charge relating to the failure of the defendant to take the witness stand, wherein the court deviated from the statutory language (Code Crim. Pro., § 393), did not unduly influence the jury to the prejudice of the defendant. It is not necessary to add anything to the plain and simple language of the statute (*People* v. *McLucas*, 15 N Y 2d 167, 171). In our opinion, a new trial is required in the interests of justice. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN JOHNSON, PHILIP BANKS, ROSE JENKINS and SIDNEY BRIGGS, Appellants.— Appeals by defendants from judgments of the County Court, Nassau County, rendered December 4, 1964 upon their pleas of guilty, convicting them of petit larceny and imposing upon each defendant a sentence of 11 months and 29 days, together with a $500 fine, and further providing that, in the event of default in the payment of the fine, an additional one day for each dollar unpaid shall be served by the male defendants; and an additional one day for each five dollars unpaid shall be served by the female defendant. Judgments modified on the facts by striking out the provisions imposing the fine (in addition to the specific term of imprisonment) and directing the defendants' further imprisonment in default of the payment of such fine. As so modified, judgments affirmed. In our opinion, under all the circumstances, the sentence as to each defendant, insofar as it includes a fine and additional imprisonment upon default in the payment of the fine, is excessive. Christ, Acting P. J., Hill, Rabin and Benjamin, JJ., concur; Hopkins, J., concurs in the result on the law only, with the following memorandum: In my opinion, in the light of the uncontradicted evidence of the indigency of the defendants, the punishment of confinement arising out of a default in payment of the fines imposed, in addition to the maximum term of imprisonment permitted by statute, violated the constitutional rights of the defendants under the equal protection clause of the Fourteenth Amendment to the United States Constitution (cf. *Griffin* v. *Illinois*, 351 U. S. 12, 17, 23; *Smith* v. *Bennett*, 365 U. S. 708; *Burns* v. *Ohio*, 360 U. S. 252; *Bandy* v. *United States* [opinion of Mr. Justice DOUGLAS in chambers], 82 S. Ct. 11; Goldberg, Equality and Governmental Action, 39 N. Y. U. L. Rev. 205, 221).