Roy W. Hughes, Individually and as Class Representative, and Futterman Peoria Corporation, an Illinois Corporation, Plaintiffs-Appellants, v. City of Peoria, Illinois, a Municipality, Carson Pirie Scott & Company, an Illinois Corporation, and Traders Development Corporation, an Illinois Corporation, Defendants-Appellees.

Gen. No. 66–17.

Third District.

March 9, 1967.

Rehearing denied April 19, 1967.

Leiter, Newlin, Fraser & McCord, and Joseph J. Solls, all of Peoria, and Sheldon J. Plager, of Urbana, for appellants.

Max J. Lipkin, and Davis, Morgan & Witherell, all of Peoria, for appellees.

HOFFMAN, J.
The complaint in this case was for a declaratory judgment attacking the validity of a Peoria ordinance chang-

ing the zoning classification of some 30 acres of land from residential to commercial to permit a new shopping center.

The plaintiff in his complaint claims to represent a group of persons, firms and corporations who own property and operate their businesses in the central business district of Peoria. In their complaint they represent that the zoning reclassification will have a "destructive effect . . . upon said properties and businesses"; that their businesses and properties "will be greatly depressed and depreciated in value"; that they "have been deprived of their property without due process of law"; and, that they "have invested large sums of money in their respective businesses and properties in reliance upon the classification of lands" existing prior to the reclassification ordinance. Each of these allegations of damage was specifically denied by defendants.

Subsequent to the filing of their answer, defendants moved for summary judgment. Attached to their motion was an affidavit of one of their employees, Richard Iben, and a memorandum and affidavit of R. E. Dunlavey, the city Planning Director. Prior to the hearing of said motion, the evidence deposition of Mr. Dunlavey was taken at the instigation of plaintiffs. The court, considering all these matters, allowed the motion for summary judgment, and entered an order dismissing the complaint. From this order plaintiffs appeal.

■ This is not the ordinary case of an owner complaining of a restriction placed upon the use of his land. Actually, the proposed new shopping center is from 3 to 4 miles distant from plaintiffs' properties and businesses. Instead, it is claimed here, by plaintiffs, that the Peoria authorities have wrongfully permitted a use on defendants' property. In such a situation the plaintiffs have the burden of proving that they will suffer a special damage,

by reason of the new use, which will differ from that to be suffered by the general public. Garner v. County of Du Page, 8 Ill2d 155, 133 NE2d 303.

■ The allegations in the complaint of damages to plaintiffs' businesses and properties are allegations of special damage, Brown v. County of Lake, 67 Ill App2d 144, 213 NE2d 790, and the defendant's answer, denying said damages, puts this question at issue.

The summary judgment statute (Ill Rev Stats, c 110, § 57) provides that summary judgment shall be decreed "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

■ By this statute the issue of fact, nominally created by the pleadings, can be overcome if it appears to the court from the affidavits and depositions that, in reality, there "is no genuine issue as to any material fact." St. Louis Fire & Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164 NE2d 625; Solone v. Reck, 32 Ill App2d 308, 311, 177 NE2d 879.

We have carefully reviewed the Iben affidavit and the Dunlavey deposition. In them it is set forth that the rezoning will not "adversely affect property values in adjacent areas." But there is no statement that the rezoning will not adversely affect plaintiffs' businesses and properties in the central business district, except for the categorical assumption by one of the affiants that plaintiffs' "properties cannot be adversely affected" because they lie 4 miles from the rezoned site. To the contrary, one of the affiants admits that there will be an "impact" from the rezoning "on the downtown." And, it was admitted, that the findings and recommendations of the Planning and Zoning Commission made "no findings with

regard to possible adverse effect on the downtown merchants' properties."

The trial court found that "the properties of the plaintiffs . . . are located so far distant from the [re-zoned property] as to preclude any damage to any plaintiff. . . ." We do not believe that the facts set forth in the affidavits and deposition submitted with the motion for summary judgment justify or suggest any basis for such a finding, nor do we believe such documents show that the issue of fact raised by the pleadings may not be genuine. The facts argued by defendants to the effect that the Commission staffs exhaustively studied the problem, examined, mapped and checked the area and made "due allowance for the development of the entire municipality," and the further argument that no facts are alleged which would overcome the presumption of validity which attaches to the ordinance, do not negative plaintiffs' allegations of special damage. Brown v. County of Lake, supra.

Furthermore, we know of no law, and none has been cited to us, to support the legal conclusion that the distance which separates the properties here involved, standing alone, "precludes any damage to any plaintiff." In both Garner v. County of DuPage, supra, and Speroni v. Board of Appeals of Sterling, 368 Ill 568, 15 NE2d 302, cited by defendants, the causes reached review only after trials on the merits below, which established that the respective plaintiffs could not prove damage, and which developed many facts in addition to the distance which separated the properties.

█ We therefore conclude that the court below erred in allowing the motion for summary judgment.

█ In addition to the complaints of special damage made by appellants, as set forth above, appellants also complain that they will be "greatly disadvantaged in competition with" the new proposed shopping center. There

396

is no basis in Illinois law that this complaint is a recognizable special damage. Although it is true that this precise point has never reached a published decision of one of our reviewing courts, all the cases from other jurisdictions, which have been cited to our attention, clearly hold that increased business competition provides no standing to complain of a zoning change. See: London v. Planning & Zoning Commission of Town of Stratford, 149 Conn 282, 179 A2d 614 (1962); Circle Lounge & Grille v. Board of Appeal of Boston, 324 Mass 427, 86 NE2d 920 (1949); Board of County Sup'rs of Fairfax County v. Davis, 200 Va 316, 106 SE2d 152 (1958); Paolangeli v. Stevens, 19 App Div2d 763, 241 NYS2d 518 (1963); In re Lieb's Appeal, 179 Pa Super 22, 116 A2d 860 (1955); Kreatchman v. Ramsburg, 224 Md 209, 167 A2d 345 (1961); Whitney Theater Co. v. Zoning Board of Appeals of Town of Hamden, 150 Conn 285, 189 A2d 396 (1963); Lehrer v. Board of Adjustment of City of Newark (NJ Super), 58 A2d 265 (1948).

The order appealed from is reversed and the cause remanded to the Circuit Court of Peoria County for further proceedings in accordance with the views expressed in this opinion.

Reversed and remanded.

STOUDER, P. J. and CORYN, J., concur.