No. 21285.

ELWOOD C. CLARK, RAYMOND A. GREENBERG, JOHN CERESA AND VERA CERESA *v.* THE CITY OF COLORADO SPRINGS, A MUNICIPAL CORPORATION, PERRY C. TYREE, AS THE BUILDING OFFICIAL OF THE CITY OF COLORADO SPRINGS, AND ELROY STUM, AND SUBURBAN ASSOCIATES, INC.

(428 P.2d 359)

Decided May 22, 1967.     Rehearing denied June 26, 1967.

DONALD E. LAMORA, H. T. McGARRY, for plaintiffs in error and intervenor.

BERNARD L. TROTT, FREDERICK T. HENRY, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

ELROY STUM was the owner of a 39 acre tract of land adjacent to the City of Colorado Springs. Stum petitioned to annex this tract to the City, on the conditions that the tract, when annexed, be zoned P.B.C.-3 (Planned Business Center), and that no requirements be imposed for the dedication of interior streets or the continuation of existing city streets which now dead-end at Stum's tract. The Planning Commission of the City of Colorado Springs held hearings on the annexation petition. The plaintiffs in error appeared at these hearings and protested any potential annexation of the tract as anything but an R-2 (Single-Family Residential) zone. The Planning Commission recommended that the tract be annexed and zoned R-2. The City Council decided not to follow the Planning Commission's recom-

mendation, and passed ordinances annexing the tract and zoning it P.B.C.-3 as requested by Stum.

The plaintiffs in error then filed suit in the District Court of El Paso County. They sought to have the zoning ordinance declared void, contending that the manner in which it was adopted was illegal and an improper exercise of the zoning powers. They asked that the City be ordered to zone the tract as an R-2 zone. The parties will be referred to as they appeared in the trial court, or by name.

The defendants filed an answer to the complaint, and then filed a motion for summary judgment. The trial court treated the motion, essentially, as a motion to dismiss for failure to state a claim upon which relief can be granted, and dismissed the plaintiffs' complaint with prejudice. The plaintiffs now bring writ of error to review the judgment dismissing the complaint.

The plaintiffs claim that it was error to dismiss the complaint because: (1) the complaint did state a claim; (2) the findings of the trial court failed to disclose the inadequacy of the complaint and denied the plaintiffs the right to amend the complaint; (3) the trial court erred in finding that certain material facts which were in dispute were immaterial; and (4) the trial court erred in finding that the ordinance in question was enacted pursuant to the requirements of the Charter of the City of Colorado Springs.

I.

The trial court found, *inter alia*: "* * * that the plaintiffs and the intervenor do not claim the land they own in the area affected by the annexation is within the City Limits of the defendant City and the material facts are not in dispute, and it appears summary judgment is proper." From this finding, and from the pleadings, it appears that the plaintiffs and the intervenor are all landowners whose affected land lies outside the city limits of the City of Colorado Springs. None of the plaintiffs own land within the area included in the

annexation and zoning ordinances. The fact that their lands border the lands affected by the ordinances does not give them standing to attack the annexation. *Smith v. City of Aurora*, 153 Colo. 204, 385 P.2d 129.

■■ We hold that the validity of the manner in which zoning regulations are passed may not be attacked by owners of affected property which lies outside the territorial limits of the municipality imposing such zoning regulations. *Kimberly v. Town of Madison*, 127 Conn. 409, 17 A.2d 504; *Wood v. Freeman*, 43 Misc.2d 616, 251 N.Y.S.2d 996, *aff'd*, 262 N.Y.S.2d 431; *Village of Russell Gardens v. Board of Zoning*, 30 Misc.2d 392, 219 N.Y.S.2d 501; *Browning v. Bryant*, 264 App.Div. 777, 34 N.Y.S.2d 729. It was clear that plaintiffs have no standing to assert a claim upon which relief could be granted, and the action was properly dismissed. See, R.C.P. Colo. 12(b)(5).

II.

■■ While not a model of clarity, the findings of fact of the trial court sufficiently advised the plaintiffs of the defects in their action which required the dismissal. It was also proper under the circumstances of this case for the trial court to refuse the plaintiffs the opportunity to amend their complaint. It was evident to the trial court that the situs of affected property owned by the plaintiffs was outside the corporate limits of Colorado Springs and no amendment of the complaint could change that situation.

The judgment is affirmed.

Mr. Justice McWilliams not participating.