**William F. Whittingham, et al., Plaintiffs-Appellants, v. Village of Woodridge, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 69–54.

Second District.

June 26, 1969.

Edward J. Vertovec, of Elmhurst, for appellants.

George J. Rohe, of Evergreen Park, and Rathe, Woodward, Dyer and Burt, of Wheaton, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the plaintiffs from an order dismissing Count I of their complaint which sought a declaratory judgment that an amendment to the zoning ordinance of the defendant municipality be declared unconstitutional. The trial court dismissed the complaint on the grounds that the plaintiffs were nonresidents of the defendant municipality and did not have the right or standing in court to contest the validity of its zoning ordinance.

Vincent and Sandra Russo owned approximately thirty acres of land in DuPage County, contiguous to the corporate limits of the defendant municipality, which had been zoned residential by the county. The Russos filed a petition for annexation to the defendant municipality,

contingent upon an annexation agreement, which provided for a change in the zoning of this property.

Section 11–15.1–2, c 24, Ill Rev Stats 1967, relating to annexation agreements, provides in part, as follows:

"Any such agreement may provide for the following as it relates to the land which is the subject of the agreement:

". . .

"(b) The continuation in effect, or amendment, or continuation in effect as amended, of any ordinance relating to subdivision controls, zoning, official plan, and building, housing and related restrictions; provided, however, that any public hearing required by law to be held before the adoption of any ordinance amendment provided in such agreement shall be held prior to the execution of the agreement, and all ordinance amendments provided in such agreement shall be enacted according to law. . . ."

The plaintiffs alleged that pursuant to the petition and agreement for annexation, the Russo property was rezoned to multiple family and regional shopping district; that the plaintiffs' properties are immediately adjacent to the Russo property and are not within the corporate limits of the Village of Woodridge, but are within the County of DuPage; that the plaintiffs' properties are zoned R–1 Residential and the Russo property, prior to annexation to the Village, was likewise zoned; and that the change from the previous R–1 Residential zoning of the Russo property to the new zoning was an unreasonable and arbitrary act causing the plaintiffs substantial damage in the depreciation of their property values.

The parties have not cited an Illinois case directly dealing with the question of the right or standing of a person, not a resident of a particular municipality, to

149

challenge the validity of a zoning ordinance of that municipality by a declaratory judgment action.

We believe that the controlling criteria on the question of whether one has standing in a court to challenge the zoning or use to which another's property may be put, is that the party has the burden of proving that he suffered a special damage by reason of the change in the use or zoning—different from that suffered by the general public. Garner v. County of DuPage, 8 Ill2d 155, 158, 159, 133 NE2d 303 (1956) ; Bullock v. City of Evanston, 5 Ill2d 22, 33, 34, 123 NE2d 840 (1955) ; Hughes v. City of Peoria, 80 Ill App2d 392, 394, 395, 225 NE2d 109 (1967).

In Garner, two of the three plaintiffs attacking the validity of the zoning ordinance of the County of DuPage were not residents of the unincorporated county area, but rather, owned land and resided within the corporate limits of Naperville in DuPage County. However, the court treated the parties as properly before it, and the question of the standing of these plaintiffs to test the validity of the zoning ordinance of the county apparently was not challenged. The court's only reference to the fact that two of the plaintiffs were owners of land not within the unincorporated area to which the zoning amendment applied was that this could be taken into consideration, along with other facts, in determining whether the special damage proven by the plaintiffs was different from that suffered by the public generally. Garner v. County of DuPage, supra, 159.

We see no valid basis for limiting the standing to object to the zoning given another's property, beyond the requirement that one must allege and prove that by reason of said zoning he has suffered a special damage, different from that suffered by the general public. If an invisible corporate limit line may be set up as a bar to the right of one to object to zoning, a person in an otherwise exclusively single family residential area pre-

sumably has no standing to object to zoning, immediately next door, for a gasoline service station, or any other incompatible use, as long as the property next door is across a corporate boundary line.

The defendant municipality asserts that the annexation agreement may not be questioned by the owners of property outside its boundaries. We believe that fundamental fairness requires that a property owner is entitled to more security in his property rights than that urged by the defendant municipality. In Pettigrew v. National Accounts System, Inc., 67 Ill App2d 344, 213 NE2d 778 (1966), at page 350 we stated:

> "The procedural aspects of due process and equal protection of the laws require that a person be given notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case."

■ Generally, it is conceded that the Village of Woodridge may independently exercise its governmental functions with reference to other adjacent corporate bodies and individual property owners not within its corporate limits. However, in amending a zoning ordinance and carrying out these functions, property rights of adjacent owners may be adversely affected, and this effect should be weighed and considered in determining whether the legislative act bears a proper relation to the public safety, health and welfare. Our courts have long held that consideration of the uses made of abutting property is proper in determining the validity of a given zoning ordinance, regardless of whether or not the adjoining property is within the corporate limits of the entity enacting the ordinance. Gordon v. City of Wheaton, 12 Ill2d 284, 288, 146 NE2d 37 (1957) ; La Salle Nat. Bank v. City of Chicago, 4 Ill2d 253, 257, 122 NE2d 519 (1954) ; Forbes v. Hubbard, 348 Ill 166, 176, 177, 179, 180 NE 767

(1932) ; Berger v. Village of Riverside, 69 Ill App2d 148, 153, 216 NE2d 479 (1966).

■ Section 11–13–14, c 24, Ill Rev Stats 1967, which relates to the procedure for the amendment of a zoning ordinance, provides that an amendment must have a favorable two-thirds vote if there is a written protest against the proposed amendment "by the owners of 20% of the frontage proposed to be altered, or by the owners of 20% of the frontage immediately adjoining or across an alley therefrom, or by the owners of 20% of the frontage directly opposite the frontage proposed to be altered." The owners referred to in the statute are not limited to those within the municipality, and there is no reason for reading such limitation into the statute. The effect of the use made of land on adjoining property does not stop at corporate boundaries. Our legislature has recognized this, e. g., Ill Rev Stats 1967, c 24, section 11–13–1; Ill Rev Stats 1967, c 34, § 3151.

The boundary lines of municipalities are constantly changing. Those who are engaged in planning and developing the appropriate present use of, and use to be made of land, are not concerned with a thing so impermanent and imperceptible as a corporate boundary line, and, it is proper that they should not be.

The effect that a proposed zoning change may have on adjoining property will neither be diminished nor increased by the corporate boundary line. To permit a thing, so tenuous, to bar a party from objecting to a change in zoning, might in many instances permit the taking of property without due process of law. Pettigrew v. National Accounts System, Inc., supra, 351.

We believe that the desired orderly growth and expansion of municipalities, as well as the protection of one seeking a zoning change from a multiplicity of suits and the securement for him of a final determination of all controversies attendant thereto, are adequately safe-

guarded by the requirement that the objector must allege and show a special damage, different from that suffered by the general public, in order to challenge the zoning change.

For the reasons stated above, the order of the trial court dismissing Count I of the complaint is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.