JAMES BAGLEY ET AL., APPELLANTS, V. COUNTY OF SARPY, NEBRASKA, ET AL., APPELLEES.
NELS ELIASON ET AL., APPELLANTS, V. BOARD OF COUNTY COMMISSIONERS OF SARPY COUNTY, NEBRASKA, ET AL., APPELLEES.

202 N. W. 2d 841

Filed December 15, 1972.   No. 38436.

Marks, Clare, Hopkins, Rauth & Barber and Dale D. Kuhlmann, for appellants.

Clarence E. Heaney, Jr., of Kennedy, Holland, DeLacy & Svoboda and Dixon G. Adams, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Plaintiffs challenged a county board resolution that rezoned a tract of land from residential to industrial. The district court found for the defendants, Sarpy

County, members of the board, and the owner of the tract. It dismissed the petitions, and plaintiffs appeal. They contend that the board in adopting the resolution exceeded its statutory authority.

The approximate size and boundaries of the tract, owned by Omaha Industrial Foundation, were 456 acres, Harrison Street on the north, One Hundred Twenty-Sixth Street on the east, and Highway No. 50 on the west. The centerline of Harrison Street, an east-west street, formed a boundary between Douglas and Sarpy counties. Plaintiffs' property was located in Douglas County.

Plaintiffs commenced these suits 2 weeks after the county board of Sarpy County on May 10, 1971, passed the rezoning resolution under attack. The resolution conformed to statutory procedure effective prior to 1967. We conclude as a matter of law, however, that the county then lacked a comprehensive development plan conformable to a legislative act of 1967.

Defendants assert that the legislative act of 1967 imposed no condition referable to a comprehensive development plan in the case of a county already properly engaged in zoning. Zoning districts, we are told, otherwise would be frozen during the long period of study reasonably necessary for adoption of a plan.

The 1967 act, effective May 22, 1967, with an emergency clause, provided: "Zoning regulations shall be adopted or amended by the county board only after the adoption of the county comprehensive development plan by the county board . . .." § 23-114.03, R. R. S. 1943; Laws 1967, c. 117, §§ 4 and 20, pp. 368 and 378. The act also repealed most existing provisions for exercise of the zoning power by counties. It did not, however, repeal sections 23-164 and 23-165, R. R. S. 1943, relating to notification and protests. It kept this language: "Such regulations, restrictions and boundaries (pertaining to county zoning districts) may . . . be amended, supplemented, changed, modified or repealed . . .." § 23-165, R. R. S. 1943.

A comprehensive development plan is not created overnight. In populous areas several years of study may reasonably precede its adoption, and Sarpy County is now our third most populous county. The act, on the other hand, exempted no county from its operation.

Timely objection by a litigant with standing may nullify a rezoning resolution by a county board that has not adopted a comprehensive development plan conformable to statute. Under the 1967 act a county engaged in rezoning ought to adopt a comprehensive development plan within a reasonable time.

It would be idle for us here to examine the validity of interim or stopgap zoning during development of the plan. See, generally, 1 Anderson, American Law of Zoning, § 5.15, p. 275 (1968); 1 Rathkopf, The Law of Zoning and Planning, 8-11 (3d Ed., 1972). The lapse of almost 4 years without adoption of the plan by Sarpy County was unreasonable. Plaintiffs, who possessed standing, acted promptly. Enforcement of the rezoning resolution in question ought to be enjoined permanently.

The judgment is reversed and the cause remanded with directions to order an injunction in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.