Morrie Slifkin, J.
In an action for declaratory judgment, defendants move for an order dismissing the complaint on the grounds (1) it fails to state a cause of action, and (2) that plaintiff lacks standing to sue.
Defendant Elinor Homes Company has obtained the approval of the Town of Board of the Town of Clarkstown for a zone change which permits said defendant to construct an apartment house complex on property situate within the Town of Clarkstown and within the school district of the adjoining Town of Ramapo. (Resolution of Clarkstown Town Board, dated Dec. 20, 1972; vote of 3 to 2.)
Plaintiff, a taxpayer resident of the Town of Ramapo and its Central School District No. 2, seeks judgment declaring the zone change invalid on the ground that it was made in violation of section 239-m of the General Municipal Law. That statute requires, inter alia, submission of any application for a zone change affecting property within 500 feet of the boundary of any ‘1 city, village, or town * * * or from the right-of-way of any existing or proposed county or state parkway, thruway, expressway, road or highway ” to the county planning board for its recommendations.
*466 If the planning board disapproves the application, then the town board may, by vote of a majority plus one of its membership, override the disapproval upon the adoption of a resolution setting forth reasons for the contrary action.
On the other hand, if the. planning board fails to act within 30 days of its receipt of the application, or within such other time period previously agreed upon, the town board may act without the necessity of the veto requirement set forth above.
The application for zone change submitted by Elinor Homes was referred to the county planning board as appears on the face of the complaint. By letter to the town board dated January 27,1972, William M. Chase, a member of the planning staff and its principal planner, made his findings indicating detrimental effects to the area under study if the application for downzoning was approved without major changes. If this was the action of the county planning board, there, is no question that the town board would have to act by a 4 to 1 vote to override the disapproval noted. The defendants urge that Mr. Chase cannot act for the planning board; that only the board itself may act upon the application referred to it; and that it has not done so.
With these facts in mind, the court first addresses itself to the question of plaintiff’s standing and second, to the sufficiency of the complaint.
1. The plaintiff has standing to seek relief by declaratory judgment in this case. By pleading his residency within the affected school district, in which he is a taxpayer, the plaintiff has sufficient nexus to, and pecuniary interest in, the issue to give him requisite standing. (Marino v. Town of Ramapo, 68 Misc 2d 44, 47 and cases collected therein; Society of Plastics Ind. v. City of New York, 68. Misc 2d 366, 369.) The older views espoused by our courts and briefed by defendant Elinor Homes Company (e.g., Doolittle v. Supervisors of Broome County, 18 N. Y. 155, 163; Roosevelt v. Draper, 23 N. Y. 318, 323) would, if applied here, turn the concept of 1 ‘ standing ’ into a shibboleth making it impossible for one who is legitimately affected by a zoning resolution to question its validity. This older, rigidly technical view has been eroded by late decisional authority recognizing the problem. (Marino, supra.) To be sure, “ standing ” is a requisite element of modern cases in this area. It is in the definition of that term that the plaintiff’s burden is eased. Plaintiff pays school taxes to the district which will be required to furnish facilities, to the school population emerging from Elinor Homes apartments in the Town of Clarkstown. Plaintiff may be in the same class as all other residents of the *467 school district who will be called upon to pay increased taxes for the new burden thrust upon the district — but this fact does not make plaintiff’s own pecuniary interest in the case any the less where “ standing ” is in issue. The plaintiff is directly affected by the resolution and he should have an opportunity to be heard on the merits of his case.
The court has read Berkey v. Downing (68 Misc 2d 595, affd. 39 A D 2d 1008), Brechner v. Incorporated Vil. of Lake Success (25 Misc 2d 920) and Marcus v. Village of Mamaroneck (283 N. Y. 325), all of which were cited by defendants in support of dismissal. None of these authorities, in this court’s opinion, deprive the plaintiff of “ standing ” based upon the allegations of his complaint, and measured by the modern conceptualization of the term. (See, particularly, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.04, p. 30-22 discussing the effect of narrow construction of the standing requirement; and Jaffe, Standing to Secure Judicial Reveiw; Private Actions, 75 Harv. L. Rev. 255.)
2. The complaint does not state a cause of action for declaratory relief. Section 239-m of the General Municipal Law states, in pertinent part, as follows: “ Within thirty days after receipt of a full statement of such referred matter, the county * * * planning agency to which referral is made, or an authorised agent of said agency, shall report its recommendations thereon to the referring municipal agency, accompanied by a full statement of the reasons for such recommendations.” (Emphasis added.)
The plaintiff, relying on the underscored clause of the statute, regards the action of the principal planner as that of an authorized agent of the planning board and as such, equivalent to the board’s disapproval of the application.
The Town of Clarkstown, given leave to submit its memorandum in support of the motion to dismiss, points out that the planning board may not delegate its duty to exercise discretion in the matter of applications referred to it for review. Defendants’ exhibits, including copies of the minutes of planning board meetings before and after the date of the principal planner’s letter, indicate the board has taken no action qua board respecting the Elinor Homes application within the time allotted by statute.
There are two principal reasons extant which compel the conclusion that plaintiff’s point is in error. First, a reading of the statute as a whole reveals a grant of power to the planning board, in the first instance, to pass upon referred applications. *468 That power is vested solely in the board which must act as a board, else the thrust of the enabling legislation be rendered superfluous. The clause relied upon by the plaintiff deals only with the matter of reporting the board’s recommendation; that duty may be performed by the board itself ór an authorized agent of the board. It is plain, then, that the ministerial act of reporting the result of the board’s deliberations may be delegated to an agent. Secondly, the clause in no wise permits the agent to assume the entire function of the board in exercising discretion. An administrative board may not delegate its quasi-judicial and discretionary function to subordinates (Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N. Y. 620; 1 N. Y. Jur., Administrative Law, § 83; Matter of Bizarre, Inc. v. State Liq. Auth., 29 A D 2d 500; Matter of Weekes v. O’Connell, 304 N. Y. 259).
Upon the foregoing interpretation of the statute governing plaintiff’s case, it appears that the complaint fails to state a cause of action.
The motion to dismiss is, accordingly, granted on the ground of legal insufficiency.