13 Pa. Commonwealth Ct. 232 (1974)
Cablevision  Division of Sammons Communications, Inc., Appellant,
v.
The Zoning Hearing Board of City of Easton, Pennsylvania, Appellee, and Dr. Joseph T. Urban and Margaret L. Urban, Intervening Appellees.
No. 822 C.D. 1973.
Commonwealth Court of Pennsylvania.
Argued April 1, 1974.
June 3, 1974.
*233 Argued April 1, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.
Frank S. Poswistilo, with him Brose, Poswistilo, LaBarr & Jacobs, for appellant.
Charles L. Oldt, with him Fox, Oldt & Hambrook, for intervening appellees.
OPINION BY JUDGE MENCER, June 3, 1974:
This appeal is from the dismissal by the Court of Common Pleas of Northampton County of an appeal *234 by Cablevision  Division of Sammons Communications, Inc. (Cablevision), from a decision of the Zoning Hearing Board of the City of Easton (Board). The Board's decision revoked a permit issued to Cablevision to erect a television tower to be used for the purpose of providing cable television service to residents of the City of Easton (City) and surrounding communities.
In 1961 the City leased a portion of its water reservoir property located along the northern boundary of the City to a predecessor of Cablevision for the erection and installation of a television antenna. An 85-foot-high tower was erected and remained at the site until November 1971 when Cablevision began construction of a new tower. Cablevision had obtained approval of the plans and specifications for the new tower by the City's engineer and, under the terms of a lease, the City had specifically authorized the erection of a new tower to a height of 160 feet.
Cablevision had expended approximately $20,000 in erecting the tower to a height of approximately 140 feet when, on January 17, 1972, the zoning officer notified Cablevision that a zoning permit was required incident to the tower's being constructed. The following day Cablevision made application for the permit which was granted by the zoning officer.
On January 20, 1972, Dr. and Mrs. Joseph Urban, nonresidents of the City and owners of real estate adjoining the tower site but situate in the Township of Forks, filed an appeal from the zoning officer's issuance of the permit to Cablevision with the Board. Following a hearing, the Board revoked the permit and Cablevision appealed to the court below which entered an order dismissing the appeal and affirming the order of the Board. Cablevision filed this appeal and we reverse.
Before the Board, the court below, and here, Cablevision has contended that Dr. and Mrs. Urban are without *235 standing to appeal the issuance of the permit by the zoning officer. The zoning ordinance applicable here provides in Section 1311.01: "Appeals to the Zoning Board of Adjustment may be taken by any person aggrieved or by any city official affected by any decision of the Zoning Administrator."
The key words are "any person aggrieved." The ordinance fails to define this term. However, in Louden Hill Farm, Inc. v. Milk Control Commission, 420 Pa. 548, 217 A. 2d 735 (1966), our Supreme Court considered these same three key words relative to appeals under the Milk Control Law, Act of April 28, 1937, P.L. 417, 31 P.S. § 700j-101 et seq., and stated: "Who is a `person aggrieved' has been explained many times by this Court. In Pennsylvania Commercial Drivers Conference et al. v. Pennsylvania Milk Control Commission, 360 Pa. 477, 62 A. 2d 9 (1948), this Court reiterated what it had said in Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523, 525, 170 Atl. 867, 868 (1934): `"A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial."' To be thus aggrieved the interest of the party must be adversely affected by the order, judgment or decree appealed from. Thus in Atlee Estate, 406 Pa. 528, 532, 178 A. 2d 722, 724 (1962), this Court said: `A party is "aggrieved" when he is directly and adversely affected by a judgment, decree or order and has some pecuniary interest which is thereby injuriously affected.'" 420 Pa. at 550-51, 217 A. 2d at 736-37.
*236 We have carefully scrutinized this record, and we fail to find therein evidence that would support Dr. and Mrs. Urban's standing to question the propriety of the issuance of the permit to Cablevision. The requisite direct interest in the issuance of the permit must be substantial. Under the facts here, the prior 85-foot tower was not visible from the Urban property, but the new 160-foot tower is visible. Mrs. Urban described it as "ugly" and stated that its unsightliness affects the enjoyment of her property. Her aesthetic evaluation, although understandable, cannot be equated with a substantial interest in the issuance of the permit in question.
Further, we hold that a person who owns property contiguous to land which is the subject of a zoning decision, but outside the territory of the municipality in which the subject property is situated, is not an aggrieved person entitled to perfect an appeal from such a decision. See Clark v. City of Colorado Springs, 162 Colo. 593, 428 P. 2d 359 (1967); Kimberly v. Town of Madison, 127 Conn. 409, 17 A. 2d 504 (1941); Wood v. Freeman, 43 Misc. 2d 616, 251 N.Y.S. 2d 996 (1964), aff'd, 24 A.D. 2d 704, 262 N.Y.S. 2d 431 (1965). Accord, 3 R. Anderson, American Law of Zoning § 21.06 (1968), at 568, where that textwriter states: "A person who owns property contiguous to land which is the subject of a zoning decision, but outside the territory of the municipality in which the subject property is situated, is not an aggrieved person entitled to perfect an appeal."
In view of our conclusion that Dr. and Mrs. Urban were without standing to prosecute an appeal from the issuance of the permit to Cablevision, it is, therefore, unnecessary to discuss the other questions raised upon this appeal.
Order reversed, with direction to the Court of Common Pleas of Northampton County to remand the matter *237 back to the Zoning Hearing Board of the City of Easton for action not inconsistent with this opinion.
Judges ROGERS and BLATT concur in result.