531 P.2d 643 (1974)
Harry SNYDER et al., Plaintiffs-Appellants,
v.
The CITY COUNCIL OF the CITY AND COUNTY OF DENVER et al., Defendants-Appellees.
No. 74-074.
Colorado Court of Appeals.
November 19, 1974.
Rehearing Denied December 10, 1974.
Certiorari Denied February 24, 1975.
*644 Sonheim & Helm, Arvada, for plaintiffs-appellants.
Max P. Zall, Herman J. Atencio, David J. Hahn, Denver, for defendants-appellees.
Selected for Official Publication.
KELLY, Judge.
Plaintiffs appeal from the judgment of the trial court dismissing their complaint against the City and County of Denver and other defendants, in which the plaintiffs challenged the legality of certain zoning and annexation proceedings. We affirm in part and reverse in part.
On November 14, 1972, plaintiffs filed a pleading entitled "Complaint under Rule 106" in which they set forth three claims for relief. In their first claim, they asked the trial court for a judgment voiding the annexation by Denver of certain land formerly in Jefferson County. In their second claim, plaintiffs sought a judgment invalidating Denver's subsequent zoning of the annexed territory, and in their third claim, they asked for a declaration that the Municipal Annexation Act of 1965 (1965 Perm.Supp., C.R.S.1963, 139-21-1 et seq., referred to herein as the Annexation Act and by section number) is unconstitutional. The constitutional issue is not before us in this appeal. Documents attached to the complaint show the last publication of the annexation ordinance on July 28, 1972, and of the zoning ordinance on October 20, 1972.
A single theory supports each of plaintiffs' three claims for relief. Denver's annexation of the land and its subsequent zoning of the property are alleged to be fatally defective because of an illegal prior agreement between Denver and the landowners in the annexed territory whereby the landowners agreed to petition for annexation if Denver would zone the property in a certain way. Plaintiffs allege that they "are land owners of the property adjacent to or near" the property annexed by Denver and "are either residents of the County of Jefferson . . . or of the City and County of Denver."
The defendants moved to dismiss the complaint on the grounds that the action had not been commenced within the forty-five day limitation imposed by § 15(2) of the Annexation Act; that the action was not a certiorari proceeding brought in accordance with either the Annexation Act or the Colorado Rules of Civil Procedure; that the plaintiffs were not proper parties under § 15(1)(a) of the Annexation Act, and that the complaint failed to state claims on which relief could be granted.
After hearing, the trial court granted the motion and entered judgment dismissing the complaint in its entirety on the ground that plaintiffs were without standing under § 15(1)(a) of the Annexation Act to bring the action. Plaintiffs contend that the trial court erred in dismissing the complaint, asserting that the statutory prohibitions in the Annexation Act do not apply to a challenge of Denver's zoning procedures and that their standing to challenge the zoning of the annexed territory invests them with standing to challenge the annexation.
We agree with plaintiffs that landowners within a municipality who are aggrieved by the zoning of property adjacent to or near their own property have standing to seek judicial review of the actions of zoning authorities alleged to be arbitrary and capricious. Cf. Clark v. City of Colorado Springs, 162 Colo. 593, 428 P.2d *645 359; Westwood Meat Market, Inc. v. McLucas, 146 Colo. 435, 361 P.2d 776. Although the trial court's conclusion was correct that plaintiffs were without standing under § 15(1)(a) of the Annexation Act to seek review of Denver's annexation of the territory, nevertheless, we find nothing in either the Annexation Act or the applicable zoning statutes limiting the right to judicial review of zoning procedures to landowners or qualified electors within territory annexed under the Annexation Act. See, e.g., 1965 Perm.Supp., C.R.S.1963, XXX-XX-XX(1), (2) and C.R.S.1963, 139-60-1 et seq. It does not follow that standing to challenge zoning gives standing to challenge annexation.
Defendants' argument that the allegations in plaintiffs' second claim fail to show that plaintiffs are landowners in Denver is not persuasive. While the allegations that plaintiffs are residents either of Jefferson County or of Denver lack precision, they are sufficient to comply with C.R.C.P. 8. The trial court should not have dismissed plaintiffs' second claim for relief.
Dismissal of the first and third claims for relief challenging the annexation was proper. The forty-five day provision of § 15(2) of the Annexation Act is jurisdictional and plaintiffs' complaint showed on its face that the action was not commenced within that time period. Denver v. District Court, Colo., 509 P.2d 1246; Fort Collins-Loveland Water District v. City of Fort Collins, 174 Colo. 79, 482 P.2d 986. We note that plaintiffs complied with the thirty-day limitation in C.R.C.P. 106(b) in seeking review of Denver's zoning of the annexed territory.
The judgment of the trial court dismissing plaintiffs' first and third claims for relief is affirmed. The judgment of the trial court dismissing plaintiffs' second claim for relief is reversed and the cause is remanded with directions to reinstate the second claim for relief.
ENOCH and RULAND, JJ., concur.