## Leech v. Cater

*Richard J. Audino,* for plaintiffs.
*Donald S. Nicolls,* for defendants.

HENDERSON, *P.J.,* June 16, 1977—Plaintiffs, adult residents of Neshannock Township, brought this action in mandamus to compel the Neshannock Township Supervisors to give public notice that building permit 2662 was being revoked.

The matter began when building permit 2662 was issued to Mike A. Isabella, Sr. for construction of a restaurant building upon property having an address of 2421 Wilmington Road, New Castle, Pa. Plaintiffs, deeming themselves to be persons aggrieved pursuant to section 914 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended (hereinafter referred to as the M.P.C.), 53 P.S. §10914, filed an appeal from the issuance of the permit with the Township Zoning Hearing Board, requesting that a hearing be held on the appeal. The appeal was sent by certified mail and the Township Secretary signed the receipt on October 1, 1976.

No hearing was held on this matter by the board within the next 45 days. Plaintiffs' counsel then wrote a letter to the chairman of the Supervisors, claiming under section 908(9) of the M.P.C., 53 P.S. §10908(9), that since no action had been taken on their appeal within 45 days, a decision was deemed to have been rendered in favor of appellants, and that the Supervisors had the duty to give public notice of this decision. Upon receipt of this letter, the Supervisors met and publicly refused to give the requested notice. This action was then brought.

Two objections were raised by the Supervisors to this action.

1. Plaintiffs are not persons aggrieved under section 914 of the M.P.C., 53 P.S. §10914, and therefore lack standing to appeal.

2. Section 908(9) of the M.P.C., 53 P.S. §908(9), which says that a decision shall be deemed to be rendered in favor of an applicant if the board fails to hold a requested hearing within 45 days, does not apply to appeals by nonapplicant protestants from the issuance of a permit.

We hold that each of these objections merits a dismissal of this action.

Plaintiffs seem to rely upon their status as residents of Neshannock Township as being sufficient to give them standing as "persons aggrieved." No showing was made that they are directly or adversely affected by the issuance of the permit.

There is some indication in recent cases that residents of a municipality have a sufficient legal interest in preserving the integrity of the local zoning ordinance to give them the status of "persons aggrieved" enabling them to challenge amendments to the ordinance: Roeder v. Hatfield Borough Council, 439 Pa. 241, 266 A. 2d 691 (1970); Raum v. Tredyffrin Twp. Board of Supervisors, 20 Pa. Commonwealth Ct. 426, 342 A. 2d 450 (1975). But this broadening of the standing requirement does not reach the extreme of allowing any resident to challenge any building permit issued in a municipality. If the legislature had desired such a result, it would have substituted the words "any resident" for "any person aggrieved" in section 914 of the M.P.C., 53 P.S. §10914.

Clearly the word "aggrieved" implies some sort of special injury suffered. In amending a municipal

zoning ordinance which potentially affects every resident, any resident might be considered a "person aggrieved." But in the issuance of a building permit, a person aggrieved would have to be a neighbor or someone else who can show specific harm or loss caused by the issuance.

The proper standards to be used in this instance were given by the Commonwealth Court in Cablevision v. Zoning Hearing Board of Easton, 13 Pa. Commonwealth Ct. 232, 320 A. 2d 388 (1974). In that case certain individuals appealed a zoning officer's issuance of a permit to erect a cable television tower. Although the appeal was made under a local ordinance, it provided standing to "any person aggrieved," the same words found in section 914 of the M.P.C., 53 P.S. §10914. The court quoted directly from the Supreme Court in Louden Hill Farms, Inc. v. Milk Control Commission, 420 Pa. 548, 217 A. 2d 735 (1966):

"Who is a 'person aggrieved' has been explained many times by this Court. In Pennsylvania Commercial Drivers Conference et al. vs. Pennsylvania Milk Control Commission, 360 Pa. 477, 62 A. 2d 9 (1948), this Court reiterated what it had said in Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523, 525, 170 Atl. 867, 868 (1934): ' "A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must be substantial." ' To

be thus aggrieved the interest of the party must be adversely affected by the order, judgment or decree appealed from." Louden Hill Farms, supra, 420 Pa., at 550-551, as quoted in Cablevision, supra, 13 Pa. Commonwealth Ct. at 235.

Plaintiffs in this action have alleged no substantial, immediate and pecuniary interest which would be adversely affected by the issuance of building permit 2662. They cannot be considered "persons aggrieved" and have no standing under section 914 of the M.P.C., 53 P.S. §10914, to appeal the issuance of the permit.

But even if plaintiffs were found to have standing, this action in mandamus would fail because section 908(9) of the M.P.C., 53 P.S. §10908(9), does not apply to appeals of nonapplicant protestants to a zoning hearing board.

The pertinent portion of section 908 as it applies to this action is the following: Where the board fails to render the decision within the period required by this subsection (45 days), or fails to hold the required hearing within 45 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of applicant unless applicant has agreed in writing to an extension of time. 53 P.S. §10908(9).

The critical issue is whether plaintiffs can be considered "applicants" under this section.

The word "applicant" is defined in the definition section of the M.P.C., 53 P.S. §10107, to mean "a landowner or developer, as hereinafter defined, who has filed an application for development including his heirs, successors and assigns." Plaintiffs concede that they do not fall within that definition, but they point to the preface of that section,

which begins: "As used in this act, *except where the context clearly indicates otherwise....*" Their argument is that the context of section 908(9) requires that any party who requests a hearing before the board must be considered an "applicant."

As counsel for the Supervisors pointed out, if plaintiffs' interpretation is accepted, an applicant-developer could be deprived of a validly issued building permit without a hearing or any other opportunity to have the merits of his case decided. We do not believe the legislature intended to create such an apparent denial of due process by this section.

The obvious purpose of the section is to force zoning hearing boards to provide speedy hearings on submitted zoning applications. But the effect of plaintiffs' interpretation would be the reverse; an applicant would be denied a permit without a hearing. The purpose of the statute would be nullified.

We, of course, support the ideal of speedy hearings, and if plaintiffs in this action had standing, we would do all in our power to see that a hearing on this matter was quickly held. But we hold that the legislature did not intend the statutorily "deemed" decision in favor of an applicant to apply to protestants appealing a decision in favor of an applicant. The meaning of the word "applicant" is the same in section 908(9) as it is throughout the rest of the M.P.C.

Since we interpret section 908(9) as not applying to situations such as are presently before us, plaintiffs have no right to mandamus, even if they did have proper standing. This action must be dismissed.