OPINION OF THE COURT
John W. Sweeny, J.
In this action plaintiff seeks a judgment declaring that an amendment to the defendant city’s zoning law is void because it constitutes "spot zoning.” The individual defendant, supported by the defendant municipality, has moved for summary judgment.
On April 11, 1977, the City of Middletown amended its zoning map to change the zoning of a 3.35 acre parcel of land owned by defendant Kuhl from I-3 (Heavy Industrial-Re *234 stricted District) to I-2 (Heavy Industry). As a result of this action, the individual defendant intends to use this property to establish a catering hall and a picnic ground, uses which were not available under the previous zoning classification.
Plaintiff’s property is immediately adjacent to the parcel in question, however it is located entirely within the adjoining Town of Wallkill. Defendants, therefore, raise an initial question of the plaintiff’s standing to bring this action.
Subdivision (F) of section 123-41 of the City of Middletown Code requires notice of any proposed zoning amendment affecting property within 500 feet of another municipality. While this section of the code gives the adjoining municipality the right to appear and be heard at a public hearing, it explicitly prohibits any right of review or appeal.
Under the constraint of a similar statutory provision (Village Law, § 7-706, subd 1) which prohibited judicial review, the Court of Appeals in Town of North Hempstead v Village of North Hills (38 NY2d 334) acknowledged that an adjoining municipality had no standing to question zoning amendments, either by article 78 or declaratory judgment action. However, the Court of Appeals has also indicated that a much broader rule of standing should be applied in zoning matters, especially when the party which stands to be most severely affected by municipal action is precluded from a challenge because of the prior restricted rule of standing espoused in New York (cf. Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1, 6-7). Based on this general directive of the Court of Appeals and following the prior and subsequent opinions which have supported this rule of reason (Matter of Haber v Board of Estimate of City of N. Y., 33 AD2d 571; Suffolk Housing Servs. v Town of Brookhaven, 91 Misc 2d 80, and authorities cited therein; Weinberg v Town of Clarkstown, 78 Misc 2d 464), this court can find no reason to bar the plaintiff from seeking relief in this action merely because its property is not located within the City of Middletown.
However, while plaintiff’s situs without the zoning district in question does not deprive it of standing to seek relief, this court does not believe that it is an aggrieved party.
It is apparently conceded that the very uses which plaintiff seeks to prohibit in the zoning district adjacent to its own are permitted uses within its own district. While the opinion of the Court of Appeals in Cord Meyer Dev. Co. v Bell Bay Drugs (20 NY2d 211, 215-216) may only be dicta, this court reads *235 that decision as an indication of approval of the Supreme Judicial Court of Massachusetts’ interpretation in Circle Lounge & Grille v Board of Appeals of Boston (324 Mass 427) of the New York law on this subject (cf. St. Basil’s Church of City of Utica v Kerner, 125 Misc 526, 531).
Therefore, based on the above interpretation, the plaintiff as a proprietor in a less restricted zone is not an "aggrieved”' party when any use which is permitted in its own zone is improperly introduced or permitted in a more restricted adjacent zone. In this action, plaintiffs complaint does not purport to seek to enjoin a nuisance so as to surmount this objection (cf. 2 Rathkopf, The Law of Zoning & Planning, 1976 Supplement, p 109).
Therefore, the court is constrained to grant judgment dismissing plaintiffs complaint because of its lack of standing as an aggrieved party. The court has not considered the underlying merits of plaintiffs complaint.