595 P.2d 264 (1979)
CITY OF THORNTON, Colorado, a Municipal Corporation of the State of Colorado, Plaintiff-Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS, State of Colorado, Peter M. Mirelez, John Campbell and James Covey, as members of the Board of County Commissioners of the County of Adams, State of Colorado, David Berger, Warren A. Moreau, Harry Fukaye, James Fukaye, Isamu Fukaye and Henderson Associates, Ltd., a Limited Partnership, Defendants-Appellees.
CITY OF THORNTON, Colorado, a Municipal Corporation of the State of Colorado, Plaintiff-Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS of the COUNTY OF ADAMS, Adams County Planning Commission, Lewis W. Stuckert, Walter Fischer, Pauline Carlock, Ray Romero, Alex Ramirez, as members of the Adams County Planning Commission, David Berger, Warren A. Moreau, Harry Fukaye, James Fukaye, Isamu Fukaye and Henderson Associates, Ltd., a Limited Partnership, Defendants-Appellees.
Nos. 78-818, 78-836.
Colorado Court of Appeals.
January 18, 1979.
Rehearings Denied March 1, 1979.
Certiorari Granted May 14, 1979.
*265 Leonard H. McCain, City Atty., Steven N. Koeckeritz, Asst. City Atty., Brighton, for plaintiff-appellant.
S. Morris Lubow, County Atty., Linda Donnelly, Jennifer K. Brown, Asst. County Attys., Brighton, for defendants-appellees The Bd. of County Com'rs of the County of Adams, State of Colorado; Pete M. Mirelez, John Campbell and James Covey, as members of the Bd. of County Com'rs of the County of Adams, State of Colorado; Adams County Planning Commission; Lewis W. Stuckert, Walter Fischer, Pauline Carlock, Ray Romero, Alex Ramirez, as members of the Adams County Planning Commission.
David Berger, Commerce City, for defendants-appellees David Berger, Warren A. Moreau, Harry Fukaye, James Fukaye, Isamu Fukaye and Henderson Associates, Ltd., a Limited Partnership.
VanCISE, Judge.
Over the opposition of plaintiff City of Thornton, the defendant Adams County Planning Commission amended the county comprehensive plan and the defendant Board of County Commissioners rezoned 200 acres of land owned by defendants Henderson Associates, Ltd., Berger, Moreau, and the Fukayes (the applicants) from mineral conservation and agricultural to planned unit development. Claiming that the actions of the Planning Commission and the Board were arbitrary and capricious and in excess of their jurisdiction, the City commenced two C.R.C.P. 106(a)(4) actions. On defendants' motions for judgment on the pleadings, the district court dismissed both actions on the ground that the City lacked standing. The City appeals, and we reverse.
In its complaints, as a basis for standing to seek review of the actions of the Planning Commission and of the Board, the City alleged that it owned property adjacent to and in the immediate vicinity of the subject property, the value of which was reduced as a result of the county actions. For purposes of review, we must accept these factual allegations as true. See Colorado National Bank v. F. E. Biegert Co., 165 Colo. 78, 438 P.2d 506 (1968).
Ordinarily, a landowner has standing to challenge a rezoning and then to seek review of the zoning authority's action under *266 C.R.C.P. 106(a)(4) if his land is adjacent to or in the vicinity of the land being rezoned. See Dillon Companies, Inc. v. City of Boulder, 183 Colo. 117, 515 P.2d 627 (1973); Bedford v. Board of County Commissioners, Colo.App., 584 P.2d 90 (1978); cf. Westwood Meat Market, Inc. v. McLucas, 146 Colo. 435, 361 P.2d 776 (1961). However, relying on Clark v. City of Colorado Springs, 162 Colo. 593, 428 P.2d 359 (1967), the defendants contend that a landowner lacks standing, even though his land borders the subject property, if his land is not located within the limits of the zoning authority's jurisdictionhere the unincorporated portion of the county. We do not so view Clark.
Clark must be examined in context. There the applicant had petitioned for annexation to the City of Colorado Springs on condition that his land, when annexed, be zoned as a planned business center, and none of the challenging plaintiffs' lands in the area affected by the annexation were within the city limits. The Supreme Court held: "The fact that their lands border the lands affected by the ordinances does not give them standing to attack the annexation." The Court then stated: "[T]he validity of the manner in which zoning regulations are passed may not be attacked by owners of affected property which lies outside the territorial limits of the municipality imposing such zoning regulations."
Clark is different from the present case because here the challenger's property lies within both the City and the county. Despite the above-quoted language, we view Clark as dealing primarily with annexation, which must be accomplished prior to zoning. By statute, only a landowner or qualified elector in the territory proposed to be annexed, or the board of county commissioners of the county from which the area is being removed by such annexation, may seek review. Section 31-12-116(1)(a), C.R.S.1973 (1976 Repl.Vol.); Westminster v. Northglenn, 178 Colo. 334, 498 P.2d 343 (1972); Fort Collins-Loveland Water District v. City of Fort Collins, 174 Colo. 79, 482 P.2d 986 (1971).
Conversely, zoning concerns use of land and, unlike annexation, affects adjacent property regardless of whether that property is inside or outside the territorial boundaries of the zoning authority. See Roosevelt v. Beau Monde Co., 152 Colo. 567, 384 P.2d 96 (1963). As we have recognized before, standing to challenge zoning and standing to challenge annexation are quite different matters. Snyder v. City Council, 35 Colo.App. 32, 531 P.2d 643 (1975). Thus Clark does not control our decision here.
By the weight of authority in other jurisdictions, an owner of property adjacent to property being rezoned but not within the territory of the zoning authority has standing to challenge the rezoning. See Scott v. Indian Wells, 6 Cal.3d 541, 99 Cal.Rptr. 745, 492 P.2d 1137 (1972); Hamelin v. Zoning Board, 19 Conn.Sup. 445, 117 A.2d 86 (1955); Whittingham v. Woodridge, 111 Ill.App.2d 147, 249 N.E.2d 332 (1969); Koppel v. City of Fairway, 189 Kan. 710, 371 P.2d 113 (1962); Allen v. Coffel, 488 S.W.2d 671 (Mo.App.1972); Dahman v. Ballwin, 483 S.W.2d 605 (Mo.App.1972); Bagley v. County of Sarpy, 189 Neb. 393, 202 N.W.2d 841 (1972); Roselle Park v. Union, 113 N.J.Super. 87, 272 A.2d 762 (1970); Borough of Creskill v. Borough of Dumont, 28 N.J.Super. 26, 100 A.2d 182 (1953), aff'd 15 N.J. 238, 104 A.2d 441; Weinberg v. Clarkstown, 78 Misc.2d 464, 357 N.Y.S.2d 332 (1973). But see Arlington Heights v. Cook County, 133 Ill. App.2d 673, 273 N.E.2d 706 (1971); Mt. Prospect v. Cook County, 113 Ill.App.2d 336, 252 N.E.2d 106 (1969); Cablevision-Division of Sammons Communications, Inc. v. Zoning Hearing Board, 13 Pa.Cmwlth. 232, 320 A.2d 388 (1974). See also, Annot., 69 A.L.R.3d 805, and Annot., 49 A.L.R.3d 1126.
The purpose of land use regulation is to promote "the health, safety, morals, convenience, order, prosperity, or welfare of the present and future inhabitants of the state . . .." Section 30-28-115(1), C.R.S.1973; Westwood Meat Market, Inc. v. McLucas, supra. No reasonable basis exists for limiting those considerations to the boundaries of the zoning authority. Nearby property owners, regardless of whether their property lies within or without the boundaries of the zoning authority, are benefited or harmed by changes in zoning.
*267 Such property owners are entitled to their day in court.
We hold that the City, as the owner of property adjacent to or in the vicinity of the subject property, has standing to seek review of the actions of the Planning Commission and the Board. Having so held, we do not address the other grounds upon which the City claims standing.
The judgments are reversed, and the cases are remanded to the trial court with instructions to reinstate the complaints and for further proceedings.
ENOCH and BERMAN, JJ., concur.