535 A.2d 1195

Anne G. Miller et al., Appellants *v.* Upper Allen Township Zoning Hearing Board et al., Appellees.

Audrie G. Stewart et al. *v.* Upper Allen Township Zoning Hearing Board and Grantham Woods. John C. Tuten et al., Appellants.

Argued November 18, 1987, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*G. Thomas Miller, McNees, Wallace & Nurick,* for appellants.

*Victor R. Delle Donne, Baskin, Flaherty, Elliott & Manino, P.C.,* for appellees.

OPINION BY JUDGE CRAIG, December 31, 1987:

In a zoning case, where a person objecting to development permission does not reside or have a property interest in land within the municipality whose zoning ordinance is involved, does the intervening municipal boundary in itself negate the objector's standing, as a party aggrieved, to appeal a zoning hearing board decision to court or, as an aggrieved person, to intervene in a zoning appeal filed in the court?

Is the answer to this question the same if the would-be objector is another municipality?

The record common to both of these cases poses the stated issues so starkly that this court necessarily must reconsider the legal effect of an intervening municipal boundary line in zoning cases, first expressed as a dictum in *Cablevision v. Zoning Hearing Board of the City of Easton,* 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974), where the court stated that:

> A person who owns property contiguous to land which is the subject of a zoning decision, but outside the territory of the municipality in which the subject property is situated, is not an aggrieved person entitled to perfect an appeal from such a decision.

13 Pa. Commonwealth Ct. at 236, 320 A.2d at 390. Supporting citations consisted of decisions from Colo-

rado, Connecticut and New York, and a reference to a text, 3 R. Anderson, American Law of Zoning §21.06 (1968).

In the *Miller* case, No. 2294 C.D. 1986 in this court, the opinion of Judge HESS of the Court of Common Pleas of Cumberland County, in support of that court's dismissal of the objectors' appeals, succinctly and well states the basic facts and history as follows:

> Grantham Woods, Inc., a non-profit organization, has sought a special exception pursuant to provisions of the Upper Allen Township Zoning Ordinance of 1982, so that it might erect a retirement village complex on a 31 acre parcel which is part of a 57 acre tract presently zoned as agricultural. By its decision of January 9, 1986, the Upper Allen Township Zoning Hearing Board granted special exception approval. Anne G. Miller, Norman Berk and Patrick Coble, all residents of Monaghan Township, York County, and Monaghan Township, itself, have filed a notice of appeal with this court from the aforementioned decision of the board.
>
> Appellants Miller, Berk and Coble are residents of neither the township of Upper Allen nor the County of Cumberland. Nonetheless, it is conceded in this case that the individual appellants all reside in close proximity to the tract of land which will be affected by the construction and operation of the retirement village. Further, Monaghan Township is a political subdivision whose boundary touches, in part, the boundary of the subject tract of land. The latter's fire company will share primary responsibility for fire protection at the proposed retirement village and the roadways of this York County township will be affected by traffic into and out of the proposed development.

This matter turns upon the question of whether the appellants have standing. Section 908 of the Municipalities Planning Code, 53 P.S. 10908, dealing with hearings before the local agency, provides in part:

3. The *parties* to the hearing shall be the municipality, *any person affected by the application* who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board . . . (emphasis supplied).

Similarly, Section 1007 of the same Code states that "*persons aggrieved* by a use or development permitted on the land of another" (emphasis supplied) may appeal from a zoning hearing board decision. 53 P.S. 11007.

The appellants make a strong case for the fact that both Monaghan Township and the individual appellants are 'persons affected by the application' or 'aggrieved by a development.' They cite the responsibility of Monaghan Township to provide fire protection. They cite also a direct adverse impact upon the roads of Monaghan Township claiming the creation of traffic and police protection problems. Also relied upon, in part, is the physical proximity of the proposed development to the York County municipality.

Similiarly, Mrs. Miller and her husband, as well as the other Monaghan residents, allege a major adverse impact by virtue of the development contemplated. These are persons who reside in close proximity to the Upper Allen Township line and who have alleged that the contemplated retirement village would completely change the nature of their neighborhood, have a direct adverse affect upon them and would cause a diminution in the value of their properties.

> Were the decision ours alone, we would have no difficulty in concluding that the appellants had standing in this case. Nowhere in the Municipalities Planning Code is there any indication that the phrase 'party aggrieved' should be interpreted in any other way than by the fair import of its terms. Specifically, we are unable to find any statutory authority for the proposition that persons who reside outside of the governed municipality lack standing as aggrieved persons.

Thereafter, the opinion describes the foregoing statutory review as "inconclusive in light of the fact that the Commonwealth Court has specifically addressed the matter before us . . . ," citing *Cablevision.* Judge HESS then proceeded to lay out *Cablevision's* facts and holding as follows:

> Easton's Zoning Hearing Board had revoked the permit issued to Cable Vision to erect a television tower to be used for the purpose of providing cable television to residents of the City of Easton and surrounding communities. The revocation of the permit stemmed from the appeal of Dr. and Mrs. Joseph Irvin, non-residents of the city and owners of real estate adjoining the tower site but situated in the township of Forks. Before the board, the Court of Common Pleas, and the Commonwealth Court was Cable Vision's contention that Dr. and Mrs. Irvin were without standing to appeal the issuance of the permit by the zoning officer. The Commonwealth Court, in its opinion, reviewed the well established principle that a party desiring to appeal in a zoning case must have a direct interest in the particular question litigated and further that his interest must be immediate and pecuniary and not a remote consequence of the judgment, citing

Lansdowne Borough of Adjustments Appeal, 313 Pa. 523, 170 A. 867 (1934). In discussing the 'direct interest in the issuance of a permit' the Commonwealth Court observed:

Under the facts here, the prior 85 foot tower was not visible from the Irvin property, but the new 160 foot tower is visible. Mrs. Irvin described it as 'ugly' and stated that its unsightliness affects the enjoyment of her property. Her aesthetic evaluation, although understandable, cannot be equated with a substantial interest in the issue of the permit in question.

Were the Commonwealth Court to have ended its inquiry here, the instant appellants would, in our opinion, have assserted a substantial and pecuniary interest in the outcome of the zoning hearing board decision and would, therefore, be aggrieved persons.

So saying, Judge HESS's opinion proceeded to quote the *Cablevision* dictum first quoted above. This court's decision in *Lantz v. Zoning Hearing Board of South Middleton Township*, 76 Pa. Commonwealth Ct. 563, 464 A.2d 672 (1983) followed, as Judge HESS also noted, and illustrated how a dictum can lay the foundation for a subsequent holding. *Lantz* held that the party of that name clearly lacked standing because he did not own property in South Middleton Township. 76 Pa. Commonwealth Ct. at 564, 464 A.2d at 673.

Judge HESS' trial court opinion in the companion appeal, at No. 888 C.D. 1987 in this court, sets forth, with equal clarity, the situation of five Monaghan Township residents who, along with Monaghan Township itself, sought permission to intervene in an appeal filed in the Cumberland County Common Pleas Court from the same decision of the Upper Allen Township Zoning Hearing Board by abutting landowners who are resi-

dents of Upper Allen Township. With respect to the intervention petition, Judge HESS stated:

> In accordance with the Pennsylvania Municipalities' Planning Code, 53 P.S. 10101 et seq., the instant petitioners, not being owners or tenants of property directly involved in the action appealed from, have no right to intervene as of course. To the contrary, their right of intervention is governed by the Pennsylvania Rules of Civil Procedure. Pa. R.C.P. 2327, entitled 'Who May Intervene,' provides, in pertinent part:
>
> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> . . .
>
> (3) such person could have joined as an original party in the action or could have been joined therein;
>
> We have, in the context of another appeal from the grant of the special exception which is the subject of the instant case, already ruled concerning the standing to appeal of persons who are not residents of the municipality involved. Our discussion of this matter is set out at Miller et al v. Grantham Woods, Inc., 46 C.L.J. 745 (1986). In that case we reiterated the holdings in Cablevision v. Zoning Hearing Board of the City of Easton, 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974), and Lantz v. Zoning Hearing Board of South Middleton Township, 76 Pa. Commonwealth Ct. 563, 464 A.2d 672 (1983). Those Commonwealth Court cases construe the Municipalities' Planning Code as barring a zoning appeal by persons who, though owning property contiguous to land which is the subject of a

zoning decision, reside outside the territory of the municipality in which the subject property is situated. Such a residency requirement appears, to us, to be neither express nor implied in the Municipalities' Planning Code. On the other hand, we are not at liberty to ignore the constructions of the Commonwealth Court.

It is clear from the Rules of Civil Procedure that, in the context of this case, one cannot intervene where one could not have been an original party. Having already determined that persons in *pari causa* to the instant petitioners have no standing to appeal a zoning decision made outside their municipality, we are compelled to the conclusion that they, likewise, may not intervene.

The trial court accordingly denied the intervention petition. As Judge HESS pointed out in the *Miller* case opinion, the objectors make a strong case for the point that both the township and the individual objectors are aggrieved. As the judge noted, the record establishes that the objectors reside close to the Upper Allen Township line and have claimed that the proposed development would change the nature of their neighborhood. Monaghan Township participates in Upper Allen Township's fire protection, and the record indicates that the development would affect that township's roads and policing function.

The zoning hearing board decision, having ruled out standing of the Monaghan Township objectors because of their non-resident status, contains no findings of fact relative to the actual interests of Monaghan Township and its objector residents. Indeed, the board declared that it did not consider any evidence submitted by non-residents as to matters not affecting Upper Allen Township.

In any event, the threshold question remains whether the municipal boundary line has any effect with respect to aggrieved party or person status under the Municipalities Planning Code[1] or with respect to the party interest required of an intervenor under the Rules of Civil Procedure.

Judge HESS of the trial court was exactly right in focusing upon standing in the context of our statute, the MPC, and in the context of our own Rules of Civil Procedure. For that reason, the out-of-state authorities cited in *Cablevision* cannot be regarded as germane to the issue before us.

However, in *Cablevision* this court correctly explored the concept of aggrievement by citing and quoting *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 525, 178 Atl. 867, 868 (1934) as follows:

A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial. To be thus aggrieved the interest of the party must be adversely affected by the order, judgment or decree appealed from. Thus in Atlee Estate, 406 Pa. 528, 532, 178 A.2d 722, 724 (1962), this Court said: 'A party is "aggrieved" when he is directly and adversely affected by a judgment, decree or order and has

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* §§908, 914, 1007; 53 P.S. §§10908, 10914, 1007.

some pecuniary interest which is thereby injuriously affected.' 420 Pa. at 550-51, 217 A.2d at 736-37.

Thus explored, the concept reveals nothing that would make the intervention of a municipal line germane.

Prompted by the trial court's sound attention to the MPC, our review of sections 908, 914 and 1007 of the MPC reveals nothing that would make the invisible political boundary pertinent. Section 908(3) refers to a person "affected by the application." Section 914 requires only that the person be "aggrieved," which is also the term which is pivotal in section 1007.

Nothing in the MPC suggests that the protections and benefits of zoning are to be limited to residents or property owners within the municipality which enacted the ordinance. On the contrary, the general purpose section, section 105, 53 P.S. §1105, states that the purpose of the MPC is to promote "safety, health and morals," to accomplish "coordinated development of municipalities," and to provide for the *general* welfare through the protection of the various elements listed.

Section 604 of the MPC, 53 P.S. §10604, reiterates similar concerns for the *public* health, safety, moral and *general* welfare, and "coordinated and practical community development. . . ."

The standing of a property owner to seek relief against a nuisance emanating from a neighbor's property, even if the injurious emanations crossed a municipal boundary in the process, would be undoubted. The fact that one municipality's police power ordinance defines allowable activity cannot mean that a non-resident of that municipality is ruled out of receiving protection even where the actual impact upon him is equal to that which may be felt by a resident. Where municipal ordinances, for example, prohibit trash burning by open fires, as they commonly do, the smoke does not become

lawful when it drifts across the town limits. Similarly, the zoning provisions of the MPC evidence no xenophobia on a municipal scale.

Accordingly, this court must join the logic of the trial court and overrule the contrary holding in *Lantz* and the quoted dictum from *Cablevision*.

In actual affirmance of the trial court's recognition of the irrelevance of the municipal boundary line to standing as an aggrieved person with respect to appealing or intervening as an objector in a zoning case, the decision here must be to vacate the orders in both cases and remand these cases to the trial court for further proceedings.

In view of the absence of any findings of fact by the zoning hearing board with respect to the affected interests of the persons seeking to appear as objectors, this court's order will authorize the trial court—which has thus far dealt with these matters primarily in terms of the allegations made—to make its own findings of fact pertinent to these issues on the basis of the extensive record made before the zoning hearing board or, if the trial court so elects, to remand to the zoning hearing board for the making of such findings, from which it was deterred by that board's observance of this court's earlier statements hereby overruled.

ORDER IN 2294 C.D. 1986

NOW, December 31, 1987, the order of the Court of Common Pleas of Cumberland County dated June 30, 1986, is hereby vacated, and this case is remanded to that court to make findings of fact pertinent to the standing of the objectors on the basis of the record before the zoning hearing board, or, if the court so elects, to remand the case to the zoning hearing board for the making of such findings, after which the court will be enabled to proceed with the disposition of the case.

Jurisdiction relinquished.

ORDER IN 888 C.D. 1987

NOW, December 31, 1987, the order of the Court of Common Pleas of Cumberland County dated March 24, 1987, is hereby vacated, and this case is remanded to that court to make findings of fact pertinent to the standing of the objectors to intervene, on the basis of the record before the zoning hearing board, or, if the court so elects, to remand the case to the zoning hearing board for the making of such findings, after which the court will be enabled to proceed with the disposition of the case.

Jurisdiction relinquished.

Judge COLINS dissents.