608 A.2d 1115

**PENN ADVERTISING, INC., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1992.

Decided May 5, 1992.

Mark H. Pettigrew, for petitioner.

Thomas R. Haist, Asst. Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Penn Advertising, Inc. (Penn) appeals from an order of the Department of Transportation (Department) which denied a permit to erect an outdoor advertising device (billboard).

Penn is a corporation engaged in the business of outdoor advertising. On May 30, 1990, it applied to the Department for a permit to erect a billboard on a tract of real estate owned by Ralph M. Hostetter (Hostetter). The property is located along State Route 283, a federal-aid primary highway, in Rapho Township, Lancaster County. The character of the area surrounding the proposed billboard site is rural residential.

On August 27, 1990, the Department denied Penn's permit application on the ground that the proposed billboard location did not comply with the requirements of the Outdoor Advertising Control Act of 1971 (Act), Act of December 15, 1971, P.L. 596, *as amended*, 36 P.S. §§ 2718.101–2718.115. On October 11, 1990, the Department filed a supplemental denial indicating that even though the proposed billboard site is zoned commercial, it had been illegally spot zoned and therefore was not permitted.[1]

---

**1.** The definition of spot zoning is set forth in *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975), where our Supreme Court stated:

"It is well-settled that 'an ordinance cannot create an "island" of more or less restricted use within a district zoned for a different use or uses, where there are no differentiating relevant factors between the "island" and the district.... Thus, singling out of lot or a small area for different treatment from that accorded to similar surroundings land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment, is invalid "spot" zoning.' 8 McQuillin, Municipal Corporations, § 25.-83, at 224–25 (3d ed. 1965). Accord, e.g., Mulac Appeal, 418 Pa. 207, 210 A.2d 275 (1965).

Penn appealed the Department's denial and a hearing was held. On March 5, 1991, the presiding officer issued a proposed report finding that the Department acted properly in denying Penn's permit application. Penn then filed exceptions to the proposed report but on June 18, 1991 the Secretary of Transportation denied the exceptions and adopted, with modifications, the presiding officer's proposed report. Penn's petition for review to this Court followed.[2]

■ Penn first contends that the Department, as a party aggrieved, is required to directly challenge the action of the Board in rezoning the proposed billboard site by availing itself of the exclusive remedies provided by the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201[3]. Because the Department had no direct, immediate, substantial or pecuniary interest in the rezoning, *see Miller v. Upper Allen Township Zoning Hearing Board*, 112 Pa.Commonwealth Ct. 274, 282, 535 A.2d 1195, 1199 (1987), it was not an aggrieved party and therefore it could not have availed itself of the remedies provided in the MPC.

Moreover, a challenge to the spot zone under the MPC is not appropriate because the Department was not attacking the validity of the zoning ordinance itself. Instead, the Department was merely making a determination as to whether, given the Board's action and assuming that the

461 Pa. at 382, 336 A.2d at 336. The Court also went on to state that "[p]ossibly the most important factor in an analysis of a spot zoning question is whether the rezoned land is being treated unjustifiably different from similar surrounding land." *Id.* at 382, 336 A.2d at 336.

2. Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law exists, or whether any finding of fact made by PennDOT and necessary to support its adjudication is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Miller's Smorgasbord v. Department of Transportation*, 139 Pa.Commonwealth Ct. 385, 590 A.2d 854 (1991).

3. Article X of the MPC, which related to appeals and which was in effect at the time of the zoning change, was repealed in its entirety by the Act of December 21, 1988, P.L. 1329, effective in sixty days. That act added to the MPC a new Article X–A (APPEAL TO COURT), 53 P.S. §§ 11001–A—11006–A.

Department's interpretation of the Act is correct, it was proper to issue a billboard permit under the criteria set forth by the General Assembly in the Act. Just because one must meet a criterion normally associated with zoning during the permit application process does not mean that the General Assembly is precluded from requiring satisfaction of that element before a permit can be issued under the Act.

 Even if the MPC provisions are inapplicable, Penn then contends that the Department erred in denying its permit application because the proposed billboard location is within an area zoned commercial and therefore falls within the plain language of the Act. The Act prohibits the erection or maintenance of any outdoor advertising device within 660 feet of a federal-aid highway right-of-way except in, *inter alia*, zoned commercial or industrial areas. 36 P.S. § 2718.104(1)(vi). "Zoned commercial or industrial area" is defined in the Act as "an area which is reserved for business, industry, commerce, trade or other business of any type or category pursuant to a State, or local zoning law, ordinance or regulation." 36 P.S. § 2718.103(11); *see also* 67 Pa.Code § 445.2.

Because the Act was passed to advance federal interests, the Department looked to the federal statutory scheme to interpret the requirements of the Act.[4] This, however, was

4. Section 131 of Pub.L. 89–285, Act of October 22, 1965, 79 Stat. 1028, *as amended,* 23 U.S.C. § 131 (known as the Highway Beautification Act of 1965) and the regulations promulgated thereunder encourage the states to regulate and control outdoor advertising devices in a manner consistent with federal standards. The inducement to the states to comply is a ten percent reduction in federal highway funds apportioned to the states under 23 U.S.C. § 104 in the event the states fail to so comply. 23 U.S.C. § 131(b). To avoid the ten percent penalty, the Pennsylvania General Assembly enacted the Act to control outdoor advertising along federal-aid interstate and primary highways in the Commonwealth, 36 P.S. § 2718.102, and authorized the Department to promulgate regulations to enforce the Act. 67 Pa.Code Ch. 445.

In attempting to implement the Act, the Department specifically relies on 23 C.F.R. § 750.708(b). That federal regulation provides:

improper. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded in the pretext of pursuing its underlying intent. 1 Pa.C.S. § 1921(b); *Big "B" Mining Company v. Department of Environmental Resources*, 142 Pa.Commonwealth Ct. 215, 597 A.2d 202 (1991) (Pellegrini, J., dissenting).[5] "It is axiomatic that we cannot rely upon congressional or legislative intent when there is no ambiguity in the statute being

> State and local zoning actions must be taken pursuant to the State's zoning enabling statute or constitutional authority and in accordance therewith. *Action which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes.* (Emphasis added).

23 C.F.R. § 750.708(b).

In the present appeal, the Department focused on the following facts. The property where Penn planned to erect its billboard was originally zoned rural residential. R.R. 34a. In December 1984 Hostetter, the owner of the tract, applied to the Rapho Township Board of Supervisors (Board) to rezone his 22.276 acre tract of land from rural residential to commercial. R.R. 63a. The February 7, 1989 minutes of the Board meeting indicate that Hostetter's only reason for seeking the rezoning was to obtain a permit for a billboard. R.R. 64a–65a. On March 7, 1985, at a second meeting, the Board voted in favor of a revised ordinance creating a 200–foot by 150–foot tract zoned commercial to accommodate Hostetter's request. R.R. 66a, 68a–69a.

In light of these facts, the Department determined that the Board's action in revising the Rapho Township Zoning Ordinance to allow for the rezoning of the Hostetter tract was not a part of comprehensive zoning but was clearly intended to permit the erection of a billboard. Accordingly, the Department reached the conclusion that this action constituted "spot zoning" for Hostetter's economic benefit and determined that although spot zoning is valid in general, spot zoning for outdoor advertising devices along federal-aid interstate and primary highways is prohibited under federal law and the regulations promulgated thereunder. 23 U.S.C. § 131; 23 C.F.R. § 750.708(b).

5. In *Big "B"*, this Court had occasion to address the question of whether the Environmental Hearing Board erred in interpreting Pennsylvania's surface mining statute by looking to the federal surface mining statute and its underlying congressional intent in denying the recovery of counsel fees and costs in a state permit challenge. The federal statutory scheme, whereby the states could seek "primacy" in regulating surface coal mining provided they conform their statutes and regulations to minimum federal standards, appeared to allow an award of attorney fees only in cases of enforcement proceedings and not in cases of non-enforcement proceedings such as a permit challenge.

interpreted." *Big "B"*, 142 Pa.Commonwealth Ct. at 218, 597 A.2d at 203. Because the plain language of Section 4 of the Act, 36 P.S. § 2718.104, specifically provides that billboards are permitted along federal-aid primary highways in areas zoned commercial as determined by local municipalities, the Department improperly explored the legislative intent of the federal statute and regulations and erred in denying Penn's billboard permit application.

The order of the Department is reversed.

### ORDER

AND NOW, this 5th day of May, 1992, the order of the Commonwealth of Pennsylvania, Department of Transportation, entered June 18, 1991, is hereby reversed.