**ZIMA ROOFING, INC., Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1995.
Decided March 1, 1996.

Edward A. Mihalik, Aliquippa, for Petitioner.

Jeffrey L. Giltenboth, Pittsburgh, for Respondent.

Before SMITH and FRIEDMAN (P.), JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Zima Roofing, Inc. (Zima Roofing) appeals from an order of the Secretary of the Department of Transportation (DOT) denying Zima Roofing's exceptions to the Proposed Report (Report) of a DOT Hearing Officer, thereby finalizing the Hearing Officer's denial of Zima Roofing's Application For Advertising Device Permit (Application).

In 1987, Zima Roofing erected a sign on property owned by Richard Zima along Route 30 in Greene Township, Beaver County.[1] (Hearing Officer's Findings of Fact, Nos. 2, 5, 16.) Upon learning that it needed an outdoor advertising device permit for the sign, Zima Roofing filed its Application with DOT on August 4, 1992. (Hearing Officer's Finding of Fact, No. 1.) At the time Zima Roofing filed the Application, the site where the sign was located was *unzoned.* (Hearing Officer's Finding of Fact, No. 6.) However, the Application sought a permit to erect a sign on property zoned commercial.[2] (Hearing Officer's Finding of Fact, No. 3.)

Along with the Application, Zima Roofing submitted a sketch map identifying nearby businesses, all of which were more than 800 feet from the sign. (Hearing Officer's Finding of Fact, No. 15.) Therefore, Zima Roofing's sign was not covered by sections 3 and 4 of the Outdoor Advertising Control Act of 1971 (Act),[3] which permit outdoor advertising

---

1. Richard Zima's property is not contiguous with Zima Roofing's business premises, which is about one and a quarter miles from the sign. (Hearing Officer's Finding of Fact, No. 16; R.R., Item No. 5, N.T. at 6.)

 Route 30 is a primary highway controlled by the Outdoor Advertising Control Act of 1971 (Act), Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §§ 2718.101–2718.115. (Hearing Officer's Finding of Fact, No. 4.)

2. The Application states that zoning "will be commercial on November 1992." (R.R., Item No. 3, Exh. A.)

3. Section 4 of the Act, Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. § 2718.104 (emphasis added), provides in pertinent part:

 > [N]o outdoor advertising device shall be erected or maintained ... except:
 >
 > . . . .
 >
 > (vi) Outdoor advertising devices in zoned or *unzoned commercial or industrial areas* along the primary system.

 Section 3(9) of the Act, 36 P.S. § 2718.103(9) (emphasis added), provides in pertinent part as follows:

 > "Unzoned commercial or industrial area" shall mean an area which is not zoned by State or

devices in "unzoned commercial areas," i.e., unzoned areas within 800 feet of commercial activity. Accordingly, on April 9, 1993, DOT denied Zima Roofing's Application because the sign is not located in a zoned or unzoned commercial or industrial area. (Hearing Officer's Finding of Fact, No. 19; R.R., Item No. 3, Exh. B.)

Zima Roofing requested an evidentiary hearing after the April 9, 1993 denial. At the hearing, Zima Roofing presented the testimony of Richard Zima and offered various exhibits, including photographs of the sign in relation to a property owned by Mr. and Mrs. C. Jungfleisch. Zima Roofing had not identified the Jungfleisch property on the Application's sketch map of nearby businesses; however, at the hearing, Zima Roofing argued that there was commercial activity on the Jungfleisch property, and that such activity was within 800 feet of the sign. DOT offered the testimony of Tim Meals, who runs the outdoor advertising control program for DOT.[4]

Upon consideration of the evidence, the Hearing Officer found that: (1) upon the Jungfleisch property is a house within 800 feet of the Zima Roofing sign and a garage more than 800 feet from the sign; (2) Mr.

local law, regulation or ordinance, and on which there is located one or more *commercial ... activities* and the area along the highway extending outward *eight hundred feet* from and beyond the edge of such activity.... All measurements shall be from the outer edges of the *regularly used ... parking lots*, storage or processing areas of the commercial ... activities, not from the property lines of the activities, and shall be along or parallel to the edge of the pavement of the highway.

Section 3(12) of the Act, 36 P.S. § 2718.103(12), provides:

"Commercial or industrial activities" shall mean those activities generally recognized as commercial or industrial by zoning law in the Commonwealth, except that none of the following activities shall be considered commercial or industrial:

....

(iii) Activities not visible from the main-traveled way.

(iv) Activities conducted in a building principally used as a residence.

4. Meals testified regarding his personal inspection of the sign's proximity to the Jungfleisch property.

Jungfleisch drives a truck for PBX Trucking and occasionally parks a tractor-trailer rig beside the house and within 800 feet of the sign; (3) a small dark sign which reads "C. Jungfleisch Trucking" is attached to the garage above a side door located 80 feet from the nearest edge of Route 30; and (4) although the sign seems to denote a commercial establishment, there is no business office or business telephone line in either the house or the garage.[5] (Hearing Officer's Findings of Fact, Nos. 7–8, 10–14.) Based on these findings, the Hearing Officer issued the Report denying Zima Roofing's Application. Zima Roofing filed exceptions to the Report, which the Secretary denied on January 11, 1995, making the Hearing Officer's order final.

 On appeal to this court,[6] Zima Roofing argues that the Secretary erred as a matter of law in denying its exceptions to the Hearing Officer's Report. Zima Roofing maintains that it was entitled to approval of its Application because, prior to May 4, 1993, Zima Roofing's sign was located in an unzoned commercial area as defined by section 3(9) of the Act, 36 P.S. § 2718.103(9).[7] We disagree.

5. PBX Trucking contacts Mr. Jungfleisch by telephone at his residence to schedule his services. (Hearing Officer's Finding of Fact, No. 13.)

6. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether any necessary finding of fact is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Penn Advertising, Inc. v. Department of Transportation*, 147 Pa.Cmwlth. 624, 608 A.2d 1115, *appeal denied*, 532 Pa. 666, 616 A.2d 987 (1992).

7. Pursuant to a Greene Township zoning ordinance passed on May 4, 1993, Zima Roofing's sign is now located in an area zoned C–1 light commercial. (Hearing Officer's Findings of Fact, Nos. 17–18.) Thus, in the alternative, Zima Roofing argues that DOT should have granted its Application because, after May 4, 1993, the sign was situated in an area that was zoned commercial. However, because the Application before us was filed and denied prior to May 4, 1993, we reject this argument.

Zima Roofing also contends that DOT should be bound by paragraph G.14 of the Application, which provides that the Application shall be

Under section 3 of the Act, 36 P.S. § 2718.103, an "unzoned commercial area" is an unzoned area upon which is located at least one commercial activity. Such an area extends eight hundred feet from the edge of any building or parking lot which is regularly used in connection with the commercial activity. A "commercial activity" is an activity generally recognized as commercial by zoning law in the Commonwealth, except that an activity which is not visible from the main-traveled way or which is conducted in a building principally used as a residence is not considered a commercial activity.

Here, Zima Roofing maintains that "C. Jungfleisch Trucking" is a commercial activity that is visible from Route 30 and that Zima Roofing's sign is within 800 feet of the edge of the regularly used "C. Jungfleisch Trucking" parking lot. However, with respect to the Jungfleisch property, the Hearing Officer found only that Mr. Jungfleisch has a garage, more than 800 feet from the Zima Roofing sign, with a *small dark sign* above a side door on the garage which reads "C. Jungfleisch Trucking." Mr. Jungfleisch does *not* maintain a business office in his house or garage, and does *not* have a business telephone number; he merely drives *for* PBX Trucking and *occasionally* parks a tractor-trailer rig beside his house and within 800 feet of Zima Roofing's sign. (Hearing Officer's Findings of Fact, Nos. 8, 10–13.) Based on these findings, which are supported by substantial evidence in the record, we cannot conclude that Zima Roofing proved that "C. Jungfleisch Trucking" is a commercial activity with a parking lot between the Jungfleisch house and garage.

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of March, 1996, the order of the Secretary of the Pennsylvania Department of Transportation, dated January 11, 1995, is hereby affirmed.

---

deemed granted if DOT takes no action within 90 days. However, because Zima Roofing did not provide completely accurate information on its Application, stating incorrectly that its sign was located in an area that would be zoned commercial in November 1992, we will not penalize DOT for failing to take action within 90 days. *See Swedeland Road Corp. v. Zoning Hearing Board,* 107 Pa.Cmwlth. 611, 528 A.2d 1064, *appeal denied,* 518 Pa. 621, 541 A.2d 748 (1987).