**PROVCO PARTNERS, Appellant**

v.

**LIMERICK TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2004.

Decided Jan. 24, 2005..

---

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Provco Partners (Provco) appeals the Court of Common Pleas of Montgomery County (common pleas court) denial of its appeal from a decision of the Limerick Township Zoning Hearing Board (Board) which granted the appeal of Robert Holiday and Joan Patrick (Neighbors) who challenged the validity of Ordinance No. 2001–234 (Ordinance 234) based on procedural irregularities.

The Neighbors own property at 103 Buckwalter Road in Upper Providence Township. Provco, a general partnership, is the owner of 28.69 acres of land (Property) at the intersection of Walnut Street and Buckwalter Road in Limerick Township. The Neighbors' property is within 400 feet of the Property which was designated R–3 Residential and RB–Retail Business.

By letter to Limerick Township dated March 2, 2001, Provco requested that the R–3 Residential portion of its Property be rezoned to RB–Retail Business. On October 2, 2001, the Limerick Township Board of Supervisors enacted Ordinance 234 which rezoned the Property to RB–Retail Business.

Pursuant to Section 909.1(a)(2) of the Pennsylvania Municipalities Planning Code (MPC),[1] the Neighbors appealed to the Board and challenged the procedural validity of Ordinance 234. After hearings, the Board made the following findings of fact and conclusions of law:

Joseph T. Doyle, Wayne, for appellant.

Marc D. Jonas, Blue Bell, for appellees, Robert Holiday and Joan Patrick.

1. Act of July 31, 1968, P.L. 805, *added by* the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(2).

3. Appellants' [Neighbors'] property is located in close proximity to the Premises.

. . . .

8. The Appellants [Neighbors] challenge the validity of the procedure followed by the Township leading up to the adoption of the Rezoning Ordinance.

9. On August 8, 2001 and August 22, 2001, the Township advertised in *The Mercury* the fact that on September 4, 2001, the Board of Supervisors "will consider for adoption an amendment to rezone certain property "R–3" (medium density residential) to the "RB" (retail business) zoning district classification at a public hearing during the regular Board of Supervisors meeting . . . ."

10. The advertisement did not take place in two successive weeks since there was one calendar week in between.

11. The Township advertised in *The Mercury* a summary, but not the full text, of the proposed Rezoning Ordinance on August 8, and 22, 2001.

12. The Township did not send a copy of the proposed Rezoning Ordinance to the Montgomery County Law Library.

. . . .

15. The close proximity of Appellants' [Neighbors'] house to the Premises is sufficient to make them aggrieved persons under the MPC.

. . . .

CONCLUSIONS OF LAW

. . . .

2. Section 913.3 of the MPC provides: "Appeals under section 909.1(a)(1), (2), (3), (4), (7), (8) and (9) may be filed with the board in writing by the landowner affected, any officer or agency of the municipality, or any person aggrieved." 53 P.S. § 10913.3.

3. The Appellants [Neighbors], as aggrieved parties, have standing to challenge the procedure followed by the Township to enact the Rezoning Ordinance.

4. The Appellants' [Neighbors'] residency in an adjoining municipality does not bar them from having standing.

5. Section 609(b) of the MPC requires the Township to give public notice of public hearings it will hold to enact any amendment to its zoning ordinance. 53 P.S. § 10609(b).

6. Public notice is defined by the MPC as, "Notice published once each week for two successive weeks in a newspaper of general circulation in the municipality . . ." 53 P.S. § 10107(a).

7. Since the published notice in the Mercury was not done in two successive weeks it was not in compliance with 53 P.S. § 10107(a).

8. Section 610(a)(2) of the MPC requires that, in cases where the municipality has not advertised the full text of the proposed Ordinance, "An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners . . ." 53 P.S. § 10610(a)(2).

9. Since no attested copy of the proposed Rezoning Ordinance was sent to the Montgomery County law library, the procedure utilized by the Township was not in compliance with 53 P.S. § 10610(a)(2).

10. The procedure outlined in the MPC for advertising and adoption of proposed amendments to a municipality's zoning ordinance must be strictly followed.

11. Appellants [Neighbors] are not required to show prejudice due to the procedural irregularities in the adoption of the Ordinance in order to successfully challenge it.

Board Decision, January 28, 2002, Findings of Fact Nos. 3, 8–12, 15 and Conclusions of Law Nos. 2–11 at 1–3. Therefore, the Board granted the Neighbors' appeal and declared Ordinance 234 invalid.

Provco appealed to the common pleas court.[2] The parties stipulated that the Neighbors were permitted to intervene; however, Provco did not waive its argument that the Neighbors lacked standing. *See* Stipulation for Intervention, March 1, 2002 at 1; R.R. at 141A. By order dated February 9, 2004, the common pleas court denied Provco's appeal from the Board's decision. The common pleas court affirmed its February 9, 2004, order in an opinion dated June 28, 2004.

The common pleas court noted:

**All parties agree that the Township failed to follow proper MPC procedure;** that is not at issue *subjudice* [sic]. Rather, the sole issue on appeal is whether the Neighbors had standing to challenge the enactment of Ordinance 234. (Emphasis added.)

. . . .

In the case at bar, Appellant [Provco] concedes that the Neighbors' property is in close proximity to the subject property, and that the Neighbors, might have standing for a **substantive validity challenge** in the **future.** However, Appellant insists that procedural challenges, such as those made by the Neighbors are limited to the citizens of the municipality. Appellant reasons

that because the Neighbors do not reside in Limerick, they cannot establish that they have an interest in the Limerick ordinance enactment process. However, Appellant cites no case law to support this conclusion, and asserts that this distinction presents an issue of first impression in Pennsylvania. (Emphasis in original.)

We were unable to find any precedent in support of Appellant's [Provco's] contention. Neither the MPC, nor case law, makes a distinction between standing to make a procedural challenge versus a substantive one. Indeed, if anything, the case law suggests otherwise.

In *Miller v. Upper Allen Township Hearing Board*, [112 Pa.Cmwlth. 274,] 535 A.2d 1195, 1199 (Pa.Cmwlth.1997 [sic]),[3] the Court analyzed the term "person aggrieved," and held that a municipal line has no impact on the ability of a person to be aggrieved by the treatment of property in another municipality. An individual's resident status will not bar him or her from having standing to challenge the issuance of a zoning ordinance which permits the use or development of land. Id.

In addition, in *Appeal of Hoover*, [147 Pa.Cmwlth. 475,] 608 A.2d 607, 611 (Pa. Cmwlth.1992), the Court held that ownership of property in close proximity to subject property is sufficient to establish standing, the owner need not establish

---

**2.** Provco alleged:

(12) The appeal to the Zoning Hearing Board filed by Mr. Holiday and Ms. Patrick should have been dismissed, because the Appellants below (Holiday and Patrick) did not have legal standing to challenge the procedural validity of the enactment of Ordinance 2001–234.

. . . .

(18) From a review of the appeal filed and the evidence introduced into the record, it appears that Mr. Holiday and Ms. Patrick

do not reside in Limerick Township. Accordingly, the Limerick Township Zoning Hearing Board should have dismissed the procedural challenge submitted by Mr. Holiday and Ms. Patrick.

Notice of Land Use Appeal, February 1, 2002, Paragraphs 12 & 18 at 3 & 5; Reproduced Record (R.R.) at 112A & 114A.

**3.** A typographical error appears in this citation, as *Miller* was decided in 1987.

pecuniary or financial loss to establish standing.

Thus, according to *Miller*, a non-resident neighbor has standing to challenge an ordinance in the proximate municipality.[4] And, according to *Hoover*, a neighbor need not show prejudice or loss to establish standing. Applying that reasoning, a non-resident neighbor can make a procedural challenge to an ordinance insofaras [sic] his location gives him standing, and his neighbor status relieves him from having to establish prejudice. Consequently, logic dictates that a neighbor can make a procedural challenge to an ordinance. And consequently, the Board properly held that the Neighbors at bar had standing to make a procedural challenge to Ordinance 234.

Common Pleas Court Opinion, June 28, 2004, at 2–4.

▆▆▆▆ On appeal to this Court,[5] Provco contends[6] that this is a matter of first impression and asserts that the Neighbors lacked standing to challenge the procedural correctness of Ordinance 234. Provco focuses on the Neighbors' status as non-residents who were not "aggrieved" by the municipality's actions.

In *Hoover*, this Court addressed the issue of whether those living close to the site of a proposed sewage treatment plant had standing to appeal. There, a building permit was issued to Paradise Township for the construction of a sewage treatment plant in a flood plain district. Ora and Garland Hoover, Reynold Schenke, and Darryl and Judith Wilson (Objectors) appealed. After a hearing, the Zoning Hearing Board of Paradise Township (ZHB) dismissed the Objectors' challenge to the building permit.[7] On appeal, the Court of Common Pleas of Lancaster County affirmed. This Court reversed and noted:

> In Miller ... this Court held that the residents of a neighboring municipality, who lived in close proximity to a tract of land for which a special exception was granted to construct a retirement village, had standing to object since the intervention of a municipal line is not germane to an aggrieved person's status under the MPC.... In the matter sub judice, **Objectors clearly established standing by presenting uncontradicted testimony that they reside in the flood plain in close proximity to the proposed use.** This Court rejects the Board's [ZHB's] reasoning that in order to be aggrieved, the parties had to establish pecuniary or financial loss as a result of the proposed use and that "but for the flood plain the proposed plant would be a permitted use, and therefore, any 'harm' to the [Objectors] must nec-

---

4. *Miller* overruled *Cablevision–Division of Sammons Communications, Inc. v. Zoning Hearing Board of the City of Easton*, 13 Pa. Cmwlth. 232, 320 A.2d 388 (1974) where this Court had determined "that a person who owns property contiguous to land which is the subject of a zoning decision, but outside the territory of the municipality in which the subject property is situated, is not an aggrieved person entitled to perfect an appeal from such a decision." *Id.* at 390 (citations omitted).

5. The Neighbors filed an application with this Court on October 7, 2004, and sought the dismissal of this matter based on the untimely filing of Provco's brief. By order dated October 8, 2004, this Court denied the Neighbors' application.

6. Where the trial court takes no additional evidence on a zoning appeal, this Court's review is limited to a determination of whether the Board abused its discretion or committed legal error. *Appeal of Hoover*, 147 Pa. Cmwlth. 475, 608 A.2d 607 (1992).

7. In its decision, the ZHB determined that the Objectors were not aggrieved and therefore lacked standing.

essarily relate to the issues of flooding." Board [ZHB] Decision, p. 2. (Emphasis added.)

*Hoover,* 608 A.2d at 611.

Here, Section 184–38 of the Limerick Township Zoning Ordinance (Zoning Ordinance) provides:

**Filing of appeals or applications. [Amended 6–2–1998 by Ord. No. 196]**

Challenges, requests for interpretations and appeals may be filed with the Board, in writing, by the landowner affected, any officer or agency of the municipality or any person aggrieved. Requests for variance or special exception may be filed by any landowner or any tenant with permission of the landowner. An appeal or application regarding a matter within the jurisdiction of the Zoning Hearing Board may be filed with the Zoning Officer on forms provided by the Zoning Hearing Board and shall state:

. . . .

G. A list of all landowners within four hundred (400) feet of the applicant's land, to be supplied by applicant, who shall obtain the list at his own cost and expense from the Montgomery County Board of Assessment Appeals, or from the Tax Collector of Limerick Township and other municipalities when the adjacent land is outside the township, along with prestamped and preaddressed envelopes for all landowners shown on the aforesaid list.

When the Neighbors initially filed their appeal with the Board to challenge the procedural validity of Ordinance 234, they submitted an exhibit which listed property owners, including themselves, within 400 feet of the Property. *See* Exhibit D to Addendum to Zoning Appeal; R.R. at 137a. The Neighbors also enclosed Prov-

co's rezoning plan with envelopes addressed to property owners within 400 feet of the Property. *See* Cover Letter from Attorney Jonas to the Board, November 1, 2001, at 1; R.R. at 115a.

Based on the requirement in Section 184–38(G) of the Zoning Ordinance, landowners within 400 feet of the Property were notified of the zoning appeal regardless whether they were located on the other side of the municipal boundary line. Such landowners were "presumed aggrieved." Here, tax maps in the record reveal that a significant number of landowners within 400 feet of the Property were outside Limerick Township in the adjoining municipality of Upper Providence Township. *See* Exhibit A–2; R.R. at 68A–69A. Because the Neighbors were "presumed aggrieved," they had standing to challenge the procedural validity of Ordinance 234. Neither the Board nor the common pleas court erred.

■ In *Lower Gwynedd Township v. Gwynedd Properties,* 527 Pa. 324, 591 A.2d 285 (1991), Gwynedd Properties, Inc. (Gwynedd) owned 77 acres of land in Lower Gwynedd Township. In January of 1987, Gwynedd submitted a subdivision plan. The township solicitor prepared an ordinance that authorized condemnation of the land to be used as a conservation area. In December of 1987, the board of supervisors adopted the ordinance. A full text of the ordinance was not published, no copy was provided to the newspaper that summarized the ordinance, and no copy was filed in the county law library. The common pleas court upheld the ordinance which authorized the taking of Gwynedd's land. On Gwynedd's appeal, this Court affirmed and concluded that "substantial" compliance with the publication requirements in the Second Class Township

Code [8] validated the ordinance. Our Pennsylvania Supreme Court reversed and stated that "[t]he precedents of this Court have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void. The public's interest in the legislative process demands no less...." *Id.* at 329, 591 A.2d at 288.

In the present controversy it is undisputed that Limerick Township failed to comply with the procedural requirements of the MPC. In its decision, the Board described the incomplete advertising, insufficient notice of hearings, and the failure to provide a copy of the proposed ordinance. Here, as in *Lower Gwynedd Township*, statutory publication require-ments were not fully satisfied. Therefore, Ordinance 234, enacted without meeting the necessary formalities, was void.

Accordingly, we affirm.

## *O R D E R*

AND NOW, this 24th day of January, 2005, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

---

**8.** Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701.