IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                    :
                                        :
           v.                           :    No. 559 C.D. 2021
                                        :    Submitted: March 18, 2022
Karen Square, Inc.,                     :
                    Appellant           :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: May 10, 2022

           Karen Square, Inc. appeals from the order entered by the Court of
Common Pleas of Philadelphia County (trial court) dismissing a motion to redeem
property filed by proposed intervenor Michael Stosic. Because Karen Square lacks
standing to appeal an order adverse to Mr. Stosic only, we dismiss the appeal.

## I. BACKGROUND

           Briefly, Karen Square owned property in Philadelphia, which was sold
at a sheriff's sale because of unpaid property taxes. Karen Square's owner and
president, Mr. Nelson Machin, *pro se*[1] filed a petition to redeem the property.[2]

---

[1] Pennsylvania courts have consistently held "that corporations may not act *pro se* in court,
and that non-attorneys may not represent them, regardless of the individual's status as the
corporation's officer, director, shareholders [sic] or employee." *Skotnicki v. Ins. Dep't*, 146 A.3d
271, 284 (Pa. Cmwlth. 2016) (citations and footnote omitted); *Walacavage v. Excell 2000, Inc.*,
480 A.2d 281, 284 (Pa. Super. 1984) (stating, a "corporation may appear in court only through an
attorney at law admitted to practice before the court"). We may rely on Superior Court decisions
as persuasive authority. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa.
Cmwlth. 2018).

[2] The owner (or assignee of the owner) of a property that was sold because of unpaid taxes
may file a petition to redeem the property, *i.e.*, return the property. *See generally* Section 32 of
the act commonly known as the Municipal Claims and Tax Liens Act (Act), Act of May 16, 1923,
P.L. 207, *as amended*, 53 P.S. § 7293.

The City of Philadelphia (City) and the new owner opposed Karen Square's petition to redeem. Meanwhile, Mr. Stosic *pro se* filed a petition to intervene as Karen Square's alleged assignee and a petition to redeem the property.

The trial court scheduled a hearing for Karen Square's petition to redeem and Mr. Stosic's petition to intervene. Neither Mr. Machin nor Mr. Stosic appeared, and the trial court accordingly dismissed both petitions. Order, 10/20/20. The trial court subsequently held a hearing for Mr. Stosic's petition to redeem, which the trial court also denied because he failed to appear. Order, 11/16/20; Notes of Testimony (N.T.) Hr'g, 11/16/20, at 8.

Karen Square retained counsel, who timely appealed from the trial court's November 16, 2020 order denying *Mr. Stosic's* petition to redeem. Notice of Appeal, 12/16/20. Karen Square timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court filed a Pa.R.A.P. 1925(a) opinion.

## II. ISSUES AND ARGUMENTS

Karen Square raises two issues. First, Karen Square argues that it had no opportunity to retain counsel or receive advice of counsel prior to the October 20, 2020 hearing on the petition to redeem filed by Mr. Machin. Karen Square's Br. at 9. Karen Square asserts that Mr. Machin was hospitalized, which should excuse his failure to appear for Karen Square. *Id.* at 10. Second, Karen Square contends that it should have been permitted to argue the merits of Mr. Machin's petition to redeem at the hearing to resolve Mr. Stosic's petition to redeem. *Id.* at 11. The City counters that Karen Square lacks standing to appeal an order denying Mr. Stosic's petition to redeem. City's Br. at 8.

## III. APPLICABLE LAW AND DISCUSSION

We review a trial court's decision in tax sale cases for an abuse of discretion or error of law. *City of Phila. v. Germantown Invs., LLC*, ___ A.3d ___, ___ (Pa. Cmwlth., No. 1082 C.D. 2020, filed Feb. 25, 2022), slip op. at 4 n.6, 2022

2

WL 567959, at *2 n.6. An order resolving a petition to redeem with prejudice is generally considered a final, appealable order. *See generally City of Phila. v. F.A. Realty Inv'rs Corp.*, 95 A.3d 377, 380 (Pa. Cmwlth. 2014).

Pennsylvania Rule of Appellate Procedure 501 provides that "any party who is aggrieved by an appealable order" may file a notice of appeal within 30 days of the entry of the order. Pa.R.A.P. 501; *see also* Pa.R.A.P. 903. A "party" is defined as a "person who commences or against whom relief is sought in a matter." 42 Pa.C.S. § 102.

Whether a party is aggrieved by the order "below is a substantive question determined by the effect of the [order below] on the party." Pa.R.A.P. 501 Note. "To be . . . aggrieved[,] the interest of the party must be adversely affected by the order . . . appealed from." *Miller v. Upper Allen Twp. Zoning Hearing Bd.*, 535 A.2d 1195, 1199 (Pa. Cmwlth. 1987) (citation omitted) (stating that a "party is aggrieved when he is directly and adversely affected by a judgment, decree or order" (cleaned up)); *accord Magyar v. Zoning Hearing Bd. of Lewis Twp.*, 885 A.2d 123, 126-27 (Pa. Cmwlth. 2005) (holding that a party not adversely affected by a board's decision could not appeal). We must dismiss an appeal that is filed by a party not aggrieved. *Tishok v. Dep't of Educ.*, 133 A.3d 118, 119 (Pa. Cmwlth. 2016).

Here, Karen Square has appealed from the trial court's order denying *Mr. Stosic's* petition to redeem. Similar to the appellants in *Magyar*, who were not aggrieved by the board's decision, Karen Square is not aggrieved by an order denying Mr. Stosic relief. *See* Pa.R.A.P. 501; *Magyar*, 885 A.2d at 126-27. We note that Karen Square, as the former owner of the property, arguably benefitted from the denial of a petition to redeem filed by Mr. Stosic, an alleged assignee of Karen Square. *See Magyar*, 885 A.2d at 127. Because Karen Square is not aggrieved by an order directly and adversely affecting only Mr. Stosic, we must

3

dismiss Karen Square's appeal.[3] *See Tishok*, 133 A.3d at 119. For these reasons, we dismiss Karen Square's appeal.

LORI A. DUMAS, Judge

---

[3] Further, in this appeal from an order denying *Mr. Stosic's* petition to redeem, Karen Square raises arguments regarding the trial court's denial of *Mr. Machin's* petition to redeem. Because Karen Square did not appeal the trial court's order denying Mr. Machin's petition to redeem, we will not resolve whether Mr. Machin's petition to redeem is void or voidable or address Karen Square's arguments. *Cf. Est. of Guyaux v. Twp. of N. Fayette*, 208 A.3d 1137, 1145 n.9 (Pa. Cmwlth. 2019) (noting that the appellant's argument fell "outside the scope of the issues on appeal").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                           :
           v.                 :     No. 559 C.D. 2021
                                           :
Karen Square, Inc.,          :
                 Appellant   :

# **O R D E R**

AND NOW, this 10th day of May, 2022, we dismiss the appeal of Karen Square, Inc.

---
LORI A. DUMAS, Judge